CHRIST et al., Appellants, v. KUEHNE et al.

Division One, February 18, 1903.

1. Conveyance: EFFECT OF SUBSEQUENT DEED. Whatever may be the purpose or intention of the grantor in making a subsequent deed, if the beneficiaries in a former deed by the same grantor are in no-wise parties thereto, their rights are in nowise affected thereby, unless such former deed was testamentary in character.

2. ———: TESTAMENTARY DEED. A deed which creates an absolute right in the grantee to enjoy the property, while postponing his right to the possession thereof until the expiration of the life use reserved thereby to the grantor, is not testamentary in character.

3. ——: ——: DEED IN SUIT. By an instrument dated in 1891, declaring itself to be "a deed made and entered into by and between the party of the first part and the party of the second part, in consideration of love and affection and one dollar," the grantor did "grant, sell and assign, transfer and convey" to his wife, without any intermediary, certain lands, "to have and to hold the same," with appurtenances, "unto her, the said party of the second part, from and after the death of the said party of the first part, for and during her natiral life, and after her death to have and to hold to heir at law of said party of the first part and their heirs and assigns forever, it being understood that this conveyance is made upon the express condition that the said party of the first part shall during his lifetime retain the possession and control of the premises." *Held*, that, as this deed did not reserve the title to the grantor or imply that the title should remain in him, but operated to pass an immediate right to the future possession of the present estate conveyed to the wife, to-wit, a life estate, it was not testamentary in character, and, hence, was not revocable by its maker by a subsequent deed, even though the wife joined in such subsequent deed, since it created an estate in remainder in the grantor's heirs.

4. ——: ——: ——: DEED TO WIFE: PARTICULAR ESTATE: HUSBAND AS TRUSTEE. A deed by a husband to his wife directly, conveys an equitable estate in the wife, the legal title remaining in him as trustee for her, and on his death the wife becomes seized of the whole estate conveyed, legal as well as equitable; and if the estate conveyed to her is a life estate it is such a preceding particular estate as will support a remainder in fee.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein,* Judge.

AFFIRMED.

*J. W. Collins* for appellants.

(1) The court below erred in admitting in evidence the deed of April 6, 1891, from Edwin M. Greenlaw to his wife, Mary Annie Greenlaw. That deed being made directly from him to his wife did not operate to convey to her, or to his heirs, any legal title to the land in suit, and it was of no force or effect in law to divest the legal title to the land out of him; no valid, vested, present legal estate or title passed by it out of him to

his wife or heirs. No legal particular estate was created or conveyed by the deed to Mary Annie Greenlaw to support a remainder in the heirs at law of Edwin Greenlaw. And no legal estate in remainder passed out of him to his heirs by such deed, which is an indispensable requisite of such estates. The statute of this State, providing that estates of freehold may be made to commence in future by deed, does not affect or alter the common law pertaining to remainders. By his deed, Edwin M. Greenlaw conveyed an equitable separate estate to his wife in the land, and the legal title still remained in him. And when said Greenlaw and his wife, Mary Annie, conveyed the land in suit by deed of February 13, 1893, to Courtney, the said Greenlaw having the legal title and his wife an equitable separate estate, the legal title and equitable estate became united and merged in said Courtney. And the court under the evidence erred in the instruction given by it. Crawford v. Whitmore, 120 Mo. 150; Turner v. Shaw, 96 Mo. 27; Small v. Field, 102 Mo. 120; Pitts v. Sheriff, 108 Mo. 115; Byrne v. France, 131 Mo. 647; Payne v. Payne, 119 Mo. 175; 2 Wash. Real Prop. (5 Ed.), 600; 4 Kent Com. (14 Ed.), 234, 236; Leaver v. Gauss, 62 Iowa 316. (2) The deed of April 6, 1891, from Edwin M. Greenlaw, to his wife Mary Annie Greenlaw, is a testamentary instrument, and is in its character and nature a testamentary devise, to take effect after his death. It expressly provides that his wife is to take the land in suit from and after his death, and that during his life he is to retain the possession and control of the land. No present immediate estate was granted by that deed and it was revocable, and the deed of February 15, 1893, from him and his wife to Courtney, operated to revoke the deed of 1891, and to convey the complete title to the land in suit to said Courtney. Allen v. DeGroot, 105 Mo. 449; Ridgeley v. Souney, 45 Mich. 370; Leaver v. Gauss, 62 Iowa 314; Turner v Scott, 51 Pa. St. 126; Schuffert v. Grote, 50 N. W. 657; Sperber v. Balster, 66 Ga. 317.

*Hornsby & Harris* for respondents.

(1)   The deed of April 6, 1891, under which defendants claim, conveyed to the heirs of Edwin Greenlaw an estate in fee, subject to the estates for life in him and his wife.   Under the law of this State, an estate of freehold may be made to commence in future by deed.   R. S. 1899, sec. 4596; Aubuchon v. Bender, 44 Mo. 560.   Similar statute of other states 'construed: Wilson v. Carrico, 140 Ind. 533; 1 Washburn, Real Prop. (5 Ed.), p. 642; 1 Sharswood & Budd, Leading Cas. Real Prop., p. 277; Tiedeman, Real Prop., sec. 399, note 2; Thomas, Law of Estates Created by Will, p. 239; 2 Pingree, Real Prop., p. 994; 20 Am. and Eng. Ency. Law, p. 836.   And, indeed, such is the general law as well as the statute law.   Shackleton v. Sebree, 86 Ill. 616; Wyman v. Brown, 50 Me. 139; Bunch v. Nicks, 50 Ark. 367.   (2)   The deed of April 6, 1891, executed by Greenlaw, lacks none of the characteristics of a deed, and has none of the requirements of a last will, as contended by appellant.   It passes to the grantees a present interest, created at the time of its execution, and the fact that the possession and enjoyment of the estates granted in it do not accrue to the grantees until a future time does not alter the character of the instrument.   Underhill on Wills, sec. 37; Wilson v. Carrico (Ind.), 49 Am. St. 213; Williams v. Tolbert, 66 Ga. 127; Rawlings v. McRoberts, 95 Ky. 346; 29 Am. and Eng. Ency. Law, p. 148.

ROBINSON, J.—Suit in ejectment for a city lot in the city of St. Louis, brought by plaintiffs, the heirs at law of one Mary Annie Greenlaw, deceased, against the tenants of the heirs of Edwin M. Greenlaw, deceased.

Edwin M. and Mary Annie Greenlaw were husband and wife at the time of the execution of the deed to the property in suit on April 6, 1891, the construction of which deed has given rise to the present controversy. This deed of April 6 was from said Edward M. Green-

law to his wife Mary Annie Greenlaw, conveying to her the property in controversy, with the following provisions contained in the habendum clause thereof:

"To have and to hold the same, together with all the rights, privileges and appurtenances thereto belonging or in anywise appertaining unto her, the said party of the second part, from and after the death of said party of the first part, for and during her natural life, and after her death to have and to hold to heir at law of the said party of the first part and their heirs and assigns forever, it being understood that this conveyance is made upon the express condition that the said Edwin M. Greenlaw shall, during his lifetime, retain the possession and control of the premises hereinbefore described."

About two years after the execution, delivery and placing of record of the above deed, Edward M. and Mary Annie Greenlaw executed a deed to the same property to one Courtney, who on the same day executed his deed by which he purported to convey this property to Edwin M. Greenlaw and his wife, Mary Annie Greenlaw, as joint tenants. In May, 1896, Edwin M. Greenlaw died leaving as his heirs, children by a former marriage (who have joined their tenants in this suit as defendants) and in June of the same year his widow, Mary Annie Greenlaw, died leaving as her heirs a mother and two brothers, the plaintiffs herein. As said, this is a controversy between the heirs at law of Mrs. Greenlaw and the heirs of her husband, Edwin M. Greenlaw. The trial of the cause in the lower court resulted in a judgment for the defendants, and the case is brought here on plaintiffs' appeal.

There were no controverted facts in the case, the right of both parties depending entirely upon the construction to be given to the deed of April 6, 1891. If this deed was operative to convey to the heirs of Edwin M. Greenlaw the land in suit after the death of Mary Annie Greenlaw, then plaintiffs have no right thereto, and the judgment of the lower court was for the right party.

Appellants' first contention is that this deed of April 6, 1891, was testamentary in character, and, hence, revocable, and that the after-conveyance by Edwin M. Greenlaw and wife of same land therein named to Courtney in February, 1893, operated as a revocation of any grant or gift intended by said first instrument; and further they contend that as this deed, direct from husband to wife, vested only an equitable estate in the wife; therefore, when Edwin M. Greenlaw, by this deed, conveyed the property in suit to his wife "from and after his death, for and during her natural life, and after her death to his heirs," he granted to his heirs such an estate as could be supported only by a particular estate at law, and that as the particular estate created was an equitable life estate in the wife, it was not sufficient to support the estate in future, in the heirs of said Edwin M. Greenlaw.

Respondents, upon the other hand, insist that the instrument of April 6, 1891, in question, is in every sense of the term a deed, and that since section 4596, Revised Statutes 1899, expressly permits the creation by deed of estate of freehold to commence in future, the common-law rule requiring a particular estate to support remainder has been abolished, and, further, that irrespective of the statute, and if it be conceded that a particular estate was necessary to support the future estate conveyed to the heirs of Edwin M. Greenlaw by the deed of April 6, 1891, that particular estate was clearly provided.

However proper it may be to resort to the rule of interpretation invoked by appellants under proper circumstances of considering the subsequent acts of the parties to an instrument to ascertain how they understood its meaning, where the terms employed are ambiguous or of doubtful meaning, the rule has no application here. After all that may be said, the intention of the grantor should, if possible, be gathered from the language of the instrument itself, and not by a total disregard of it; and (in this case) the subsequent act of Edwin M. Greenlaw and wife in making the sec-

ond deed of February 13; 1893, should be construed, if possible, in harmony therewith, and not as an effort on the part of the grantors to defeat the force of the previous deed of April 6, 1891, or to render its obligations void. But whatever might have been the purpose and intention of Edwin M. Greenlaw and his wife in making the deed of February 13, 1893, the defendants herein, as beneficiaries under the deed of April 6, 1891, were in nowise parties thereto, and that deed could not possibly affect rights created in them by said first-named deed, unless the court should believe said first-named instrument was intended to be testamentary in character and effect, and subject, as such, to revocation by the subsequent disposition of the property named therein.

Was, then, the instrument of April 6th, in question, testamentary in character, or was it a deed in the strict sense of the term? By the direct words of the instrument itself, it is declared a deed made and entered into by and between the party of the first part and the party of the second part. In consideration of love and affection and for one dollar expressed to have been paid to the grantor by the grantee, it grants, sells, assigns, transfers and conveys the property therein named; and by it the grantees are to have and to hold the property conveyed forever. Up to this point the form and language of the instrument is that employed in the ordinary deed for the conveyance of real estate, in use in this State. It was signed, sealed, delivered and placed of record, as deeds usually are. Up to this point, then, the instrument in question is in every form, phase and feature a deed, and it ought not be denied its qualities as such, without the above quoted conditions in the habendum clause thereof clearly show the intention on the part of the grantor was to make it a testamentary paper only, subject to revocation by subsequent action on his part having in view a different disposition of the property named therein.

No effort, however, is made here to question the correctness of the general assertion of appellants, that

whatever the form of the instrument employed by the grantor or maker, if by it no present interest in the property named is vested in the grantee, but only a designation is made therein of what the maker wishes done with his property after his death, the instrument is testamentary in character and effect.

Appellants' first contention seems to have arisen from the failure on their part to observe the distinction between the creation of an interest in land, and the possession and enjoyment of that interest. By the instrument in question an absolute right in the grantees to enjoy the property is created, while their right only to its possession is postponed until the expiration of the life use thereof, which the grantor reserved to himself. The wife's title in the life estate conveyed by the instrument, was wholly unaffected by the reservation of the life use of the land to the grantor, conveying that estate; and all the authorities agree that such reservation in nowise prevents the conveyance from operating to pass an immediate right to the future possession of the present estate conveyed. In no clause or phrase of this instrument is to be found a suggestion that may be said to imply that the title to the land named shall remain in, or is reserved to the grantor for one instant after its execution, but on the contrary it passed *eo instanti* to the grantees therein named. The instrument is in no sense testamentary in character. By no language employed therein, as by no construction that may reasonably be placed thereon, is it made to appear 'that it was not to take effect until after the death of the grantor, or that no interest in the property conveyed was to pass until after that event; but as said above, the instrument is a deed in every phase, feature and purpose. We therefore hold against appellant on his first contention, that the instrument is testamentary in character, and for that reason, revocable by its maker, or that it was inadmissible as evidence of defendant's title, on account of the fact that it had not been probated as a will, and because it was

not signed and attested as the law directs such instruments to be.

In every case cited by appellant, where the court had construed the instrument as testamentary in character, though in form a deed, there has appeared in the instruments construed, in clear and direct terms, such qualifying and dominating expressions as ''to be of full effect at my death,'' or ''the grantor shall have no interest in the premises conveyed as long as the grantor shall live,'' and such like expression, evincing a manifest purpose that no immediate estate was intended to be created; while in the conveyance in question the condition is only ''that the said Edwin M. Greenlaw (grantor) shall during his lifetime retain the possession and control of the premises heretofore described.'' The condition in this instrument was not to effect an estate created, but was to operate only upon its enjoyment, which in this instance was postponed until the event of the death of the grantor. By the use of the above language in the conveyance in question, the grantor meant only to retain to himself the possession and control of, for such time as he should live, the land conveyed, but nowhere in the instrument is there to be found a suggestion that he wished or intended to retain the title to the land for an instant. As said above, an estate was immediately created in Mrs. Greenlaw, and the heirs of Edward M. Greenlaw, upon the execution in the deed of April 6, 1891, with the right vested in the grantor to occupy and possess the land until his death.

As to appellants' second contention, based as it is upon the effect of a deed made from a husband directly to his wife, and the character of the estate conveyed by such an instrument and its effect upon the remainder interest in fee to the heirs of the grantor, it may be said in the first place, that the instrument in question is not strictly one of that character, and that the rules governing such instrument do not fully apply. Though in the granting clause of this deed, the wife alone is named as the party of the second part, in the habendum

clause thereof above set out (which clause was manifestly intended to govern the disposition the grantor was making of his property), his heirs are designated as the parties who are invested with the fee to the land disposed of. The wife, though named as the sole grantee in the granting clause of this instrument, in fact is given only a life estate in the land named. When the whole instrument is read together; when the granting clause is read and construed in the light of the controlling language of the habendum, the wife's interest is only a life estate in the land, while the fee therein goes in remainder to the grantor's heirs, undesignated though they are by their particular individual names.

But to adopt appellant's views and agree that the effect of this deed was to invest in the wife, Mrs. Mary Annie Greenlaw, only an equitable estate in the property in question, and that the legal title thereto still remained in the husband, Edwin M. Greenlaw, on account of the manner of the making of the deed, what then is the result of appellant's further contention made, that to support the estate in remainder in fee to the heirs of Edwin M. Greenlaw under the deed in question, a legal particular estate must have been created at the same time in the grantee, Mary Annie Greenlaw? Under such deeds direct from husband to wife, as the deed in question, all the authorities unite in asserting that the legal title remaining in the grantor (husband) will be treated as held by him as trustee for his wife, and that in the event of the husband's death, and the trust ceasing, the wife becomes seized of the whole estate, legal as well as equitable, conveyed. Although the estate of a wife, under a conveyance directly from husband to wife, is properly characterized as equitable only, the effect of such a conveyance as this is to pass the legal estate from the control and influence of the husband in his individual capacity making the conveyance to the husband in the capacity of trustee holding for his wife, and thus it is seen that under this deed, however considered, there was at all times from its execution to the death of the wife, Mary Annie Greenlaw, a particular legal

estate in existence to support the estate in remainder going to the heirs of Edwin M. Greenlaw, and appellants' argument predicated upon the proposition that no valid legal estate in remainder could pass to the heirs of Edwin M. Greenlaw by the deed in question, because by the same deed and at the same time no particular legal estate passed from the grantor to support it, must fail for want of supporting facts.

The legal title to the particular life estate intended for the wife under this deed did, in contemplation of law, pass from the control of the grantor, in his individual capacity as owner of the land conveyed to himself, in his capacity as trustee, holding for the use of his wife, and it was as effectual for that purpose, as if an independent trustee had been specifically named therein, to take and hold said title for the wife.

After the making and delivery of the deed of April 6, 1891, by the grantor, Edwin M. Greenlaw, the interest of his wife, as that of his heirs, to the land in suit, became fixed and absolute, and the grantor could do nothing, while enjoying the possession of said premises, under the reservation therein to himself, to revoke or to impair the estate thus created, even though the wife should join him in the subsequent conveyance of said property, as was done in the deed of February 13, 1893, under which the plaintiffs are now claiming the property.

The effect of the deed of February 3, 1893, under which the plaintiffs alone claim the property in suit, is of no concern in this inquiry other than to say of it, that it did not operate to revoke the deed of April 6, 1891, in so far as defendants' rights thereunder are involved. That being so it results that the judgment of the trial court, in favor of the defendants, was for the right party, and should be affirmed. It is so ordered. All concur.