# ALDRIDGE et al., Appellants, v. ALDRIDGE et al.

### Division One, March 28, 1907.

1. **CONVEYANCE: Future Estate: Essential Element: Statute.**
It is essential to the validity of a deed conveying "an estate
of freehold or inheritance to commence in the future" that
the right to the future estate conveyed vest in the grantee
immediately, though possession be deferred. The estate is con-
veyed *in praesenti,* although its enjoyment is to come in the
future. That is the meaning of the statute (sec. 4596, R. S.
1899) whose last clause reads: "And hereafter an estate of
freehold or of inheritance may be made to commence in the
future by deed, in like manner as by will."

2. ———: ———: ———: **Deed or Will? Invalidity.** If the in-
strument, at the instant of its delivery, did not carry to the
grantee the estate described, subject (in this case) to be de-
feated by a reversion on the happening of a contingency named,
it was not a deed. If it was a mere gift to take effect only on
the death of the maker, then it was ineffectual for that pur-
pose if not executed in the manner prescribed by law for the
execution of a will.

3. ———: ———: **Deed, Provided: Intention.** Charles, an old
man with a large family of children, all of whom except the
youngest had left him, "in consideration of the sum of love
and affection and ten dollars does by these presents grant,
bargain and sell, convey and confirm" unto Amelia, his wife,
"life tenant," and a son, "remainderman, their heirs and as-
signs," certain lands, "on this condition, however, that if I
outlive the said Amelia the land reverts back to me in fee.
That if I should die first then the said Amelia shall have this
land for her lifetime for her use and support and at her
death said land to go in fee to my son. In connection with this
I give to my wife all my live stock to go to her at my death.
To have and to hold the premises aforesaid......unto the said"
wife and son, "and unto their heirs and assigns, forever......
subject to the condition above mentioned and my debts." *Held,*
that the maker of this instrument did not intend to convey and
did not convey a present gift, subject to be defeated on the
happening of the condition named, and hence the instrument
is not a deed, but an attempt to make a testamentary disposi-
tion of the property, and not being executed in the manner
prescribed by law for the execution of wills, it is not a valid
will, and hence being neither a deed nor a will the maker died
intestate.

4. ———: Construction: Intention. In construing an instrument purporting to convey land resort must be made to the instrument itself, to find what was the true intent and meaning of the maker, and the instrument must be taken all together and consideration given to every part of it, viewed in the light of the circumstances surrounding the maker at the time of its execution.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

REVERSED AND REMANDED.

*Higbee & Mills* for appellants.

(1)    The instrument executed by Charles Aldridge is plainly testamentary in its provisions and passed no present interest. It was expressly made subject to the payment of his debts, plainly meaning his debts at his death. Murphy v. Gabbert, 166 Mo. 596; Dozier v. Toalson, 180 Mo. 546; Griffin v. McIntosh, 176 Mo. 392; Crocker v. Smith, 94 Ala. 295, 16 L. R. A. 576; Bigley v. Souvey, 45 Mich. 370, 8 N. W. 98; Pinkham v. Pinkham, 55 Neb. 729, 76 N. W. 411; Carleton v. Cameron, 54 Tex. 77; 1 Dev. Deeds (2 Ed.), sec. 309; vol. 2, secs. 854, 855; Babb v. Harrison, 9 Rich. Eq. 111, 70 Am. Dec. 203; Sartor v. Sartor, 39 Miss. 760; Reed v. Hazelton, 37 Kan. 321.    (2)    "The true meaning of the maker, whether to part with the title at once or on his death, must be gathered from the entire paper." It gives to his wife all the live stock that he may own at his death. This includes all that he then owned or might thereafter own. It implies a power of disposition. All the property is reserved for the payment of debts owing at his death, and only so much of the estate as remains after the payment of debts can pass by the terms of the instrument. The provisions, taken all together, clearly characterize the instrument as a will. Crocker v. Smith, 94 Ala. 295, 16 L. R. A. 576; Leaver v. Gauss, 62 Iowa

314; Tuttle v. Raish, 116 Iowa 331; In re Lautensch-lager's Estate, 80 Mich. 285; Sperber v. Balster, 66 Ga. 317; Barnes v. Stephens, 107 Ga. 436; Cunningham v. Davis, 62 Miss. 366, 29 Am. and Eng. Ency. Law (1 Ed.), 148; Watkins v. Dean, 18 Tenn. 321; 2 Devlin Deeds (2 Ed.), sec. 855.

*C. C. Fogle & Sons, C. M. York* and *Rolston & Frank* for respondents.

(1) As to the construction of a deed, the intention of the grantor, when ascertained, must control unless it violates some known principle of law. Hunter v. Patterson, 142 Mo. 310; Walton v. Drumtra, 152 Mo. 489; Railroad v. Frowein, 163 Mo. 1; Speed v. Railroad, 163 Mo. 111; Linville v. Greer, 165 Mo. 380. (2) The intention of the grantor is to be gathered from the whole of the instrument and circumstances surrounding it. Dobbins v. Edmonds, 18 Mo. App. 315; Long v. Timms, 107 Mo. 512; Dunaway v. Day, 163 Mo. 415; Utter v. Sidman, 170 Mo. 294; Lakeman, Ex'r, v. Railroad, 36 Mo. App. 371. (3) All parts of an instrument should be considered in gathering its meaning and its full intent effectuated. McCullock v. Holmes, 111 Mo. 445; St. Louis v. Wiggins Ferry Co., 88 Mo. 615; Devlin on Deeds, secs. 836, 850; 13 Cyc. 605. (4) A deed with conditions subsequent conveys a title which becomes absolute upon the happening of said conditions, although the title was to revert upon the failure of said conditions. Mead v. Ballard, 7 Wall. 290; Withers v. Jenkins, 14 S. C. 597. (5) The law favors vested estates and if there is a doubt as to whether the estate is vested or contingent the law will declare it vested. Tiedeman on Real Property, sec. 401; Collier's Will, 40 Mo. 287; Chew v. Keller, 100 Mo. 368. (6) Courts are not at liberty to disregard the construction put upon an instrument by the acts of the parties. Hunter v. Patterson, 142 Mo. 310;

Jones v. DeLassus, 84 Mo. 545; Belch v. Miller, 32 Mo. App. 387; Patterson v. Camden, 25 Mo. 13; Moser v. Lower, 48 Mo. App. 85; St. Louis Gaslight Co. v. St. Louis, 46 Mo. 121. (7) The granting clause in a deed unlimited passes the fee. Walton v. Drumtra, 152 Mo. 501. (8) In this case the title is to revert to the grantor, if the wife dies first. If a husband makes a deed to his wife and her heirs, with certain conditions in the deed, one of which was that if the husband survives the wife the land should revert to him in fee simple, it was held a good deed and the condition a subsequent one and valid. F. U. S. of N. A. v. Boland, 29 N. E. 524; Long v. Timms, 107 Mo. 512; Pollard v. Bank, 4 Mo. App. 408; 6 Cyc. 645; Jones, Law of Real Property in Conveyances, secs. 630, 631; Smith v. Harrington, 4 Allen 566; Church v. Grant, 3 Gray 142; Owen v. Field, 12 Mass. 90. (9) An instrument executed conformably to the statute, which is to operate and which does operate to pass any estate during the lifetime of the grantor, even though the absolute enjoyment thereof is postponed until after the grantor's death, is a deed and not a will. Devlin on Deeds, sec. 853; Wall v. Wall, 64 Am. Dec. 147; Spencer v. Robbins, 5 N. E. 726, 106 Ind. 580; Dozier v. Toalson, 79 S. W. 420; Wilson v. Carrico, 40 N. E. 50; Willis v. Willis, 4 Mass. 135; Cates v. Cates, 135 Ind. 292; Seal v. Pierce, 83 Ga. 787; White v. Hopkins, 80 Ga. 154; Bunch v. Nick, 50 Ark. 367; Shackleton v. Sebre, 86 Ill. 616; Wall v. Wall, 30 Miss. 91; Wyman v. Brown, 50 Me. 139; Abney v. Moore, 106 Ala. 131; Lattamer v. Lattamer, 174 Ill. 418; Wyn v. Wyn, 112 Ga. 214; Ward v. Ward, 104 Ky. 857; Knowlson v. Fleming, 165 Pa. St. 10; Deifendorf v. Deifendorf, 132 N. Y. 100; Nicholas v. Emery, 109 Cal. 322. (10) Whenever a deed conveys a present interest it is irrevocable and operates as a conveyance, although the grantor retains a lifetime interest and the possession of the land. 1 Jones on R. P. in Conveyances, secs. 526-

527; vol. 2, sec. 1232; 27 S. W. 23; Spencer v. Robbins, 5 N. E. 726; Matter of Probate of Will of Frederick Diez, 50 N. Y. 88; Allen v. Gabbert, 166 Mo. 596; Kelley v. Shimer, 53 N. E. 233; secs. 900, 906, R. S. 1899; Devlin on Deeds, sec. 309 A.   (11)  The $10 mentioned in the consideration clause is put there to give validity to the instrument as a deed.  Wall v. Wall, 64 Am. Dec. 150; 27 S. W. 23.   (12)  The gift of the personal property mentioned in the deed has no effect on it as a deed.  Christman v. Wyatt, 26 S. E. 601; Wall v. Wall, 64 Am. Dec. 153.   (13)  But if the reverting clause is void on account of being repugnant to the granting clause, then the deed conveyed the fee, subject to the life estate of the widow.  Cornwall v. Wulff, 148 Mo. 542; Ward v. Ward, 1 Martin (N. C.) 28; In re Young, 11 R. I. 636; Green v. Sutton, 50 Mo. 192. (14)  Under our Statute of Uses, section 4596, Revised Statutes 1899, an estate of freehold or inheritance may be made to commence in the future by deed in like manner as by will.  Wilson v. Carrico, 40 N. E. 50; Sablesdowsky v. Arbuckle, 50 Minn. 475, 140 Ind. 533; Smith v. Brisson, 90 N. C. 284; Christman v. Wyatt, 26 S. W. 759; Spencer v. Robbins, 5 N. E. 728.

VALLIANT, P. J.—Suit under section 650, Revised Statutes 1899, to quiet title to one hundred and twenty acres of land in Schuyler county.  Charles Aldridge, the common source, died intestate February 19, 1903, leaving a widow, ten children and two grandchildren who (except the widow and one son, Charles L.) are parties to this suit.

A short while before his death Charles Aldridge executed a document purporting to convey the land in question to his wife for life, remainder to his son Charles L.; after his death those two conveyed their title, whatsoever it was, to Lewis M. Starbuck, who is a defendant in this suit and he now claims the land through those deeds.

The point on which the case turns is the interpretation to be placed on the document above mentioned executed by Charles Aldridge in his lifetime; if that document is construed to be a deed of conveyance the defendant Starbuck's title is valid; if, however, it is construed to be only an ineffectual effort at making a testamentary disposal of the land then Starbuck's claim is invalid, except as to the shares of the widow and one of the heirs, and therefore the plaintiffs are entitled to their respective shares as heirs at law of their father and grandfather.

The document to be construed is as follows:

"This indenture, made on the 10th day of January, A. D. one thousand nine hundred and three by and between Charles Aldridge of Schuyler county, Missouri, party of the first part, and Amelia J. Aldridge, life tenant, and Charles L. Aldridge, remainderman of the county of Schuyler, in the State of Missouri, party of the second part.

"Witnesseth, that the said party of the first part, in consideration of the sum of love and affection, and ten dollars, to him paid by the said parties of the second part, the receipt of which is hereby acknowledged, does by these presents grant, bargain and sell, convey and confirm unto the said parties of the second part, their heirs and assigns, the following described lots, tracts or parcels of land, lying, being and situate in the county of Schuyler and State of Missouri, to-wit:

"The northeast quarter of the southwest quarter and the northwest quarter of the southeast quarter of section three, and the northeast quarter of the southwest quarter of section ten, all in township sixty-four, range fourteen, on this condition however, that if I, the said Charles Aldridge outlive the said Amelia J. Aldridge the land reverts back to me in fee. That if I should die first then the said Amelia J. Aldridge shall have this land for her lifetime for her use and support and at her death said land to go in fee to

Charles L. Aldridge my son.   In connection with this I give to my wife the said Amelia J. Aldridge all my live stock to go to her at my death.

"To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging or in anywise apper-taining, unto the said parties of the second part, and unto their heirs and assigns, forever; the said Charles Aldridge hereby covenanting that he is lawfully seized of an indefeasible estate in fee in the premises herein conveyed; that he has good right to convey the same; that the said premises are free and clear of any incum-brances done or suffered by him or those under whom he claims, and that he will Warrant and Defend the title to the said premises unto the said parties of the second part, and unto their heirs and assigns, forever, against the lawful claims and demands of all persons whomsoever, subject to the conditions above mentioned and my debts.

"In witness whereof, the said party of the first part has hereunto set his hand and seal, the day and year first above written."

This instrument was acknowledged in due form as on the day of its date, and there was evidence tending to show that it was delivered to the grantees on that day but it was not filed for record until February 23, 1903, four days after the death of the grantor.   It was in evidence that a part of the land in question was the homestead of Charles Aldridge.

The plaintiffs asked an instruction to the effect that the instrument in question was in the nature of a devise and did not pass a present interest in the land to the nominal grantees and did not debar plaintiffs of their interests as heirs of Charles Aldridge, deceased.   The court refused the instruction and rendered judgment for the defendants, from which the plaintiffs appeal.

In section 4596, Revised Statutes 1899, is this con-cluding clause:   "And hereafter an estate of freehold

or of inheritance may be made to commence in the future by deed, in like manner as by will.''

By force of that statute it is argued on the part of defendants that a grantor may convey an estate of freehold or of inheritance by deed to take effect at his death, and cases are cited to sustain that argument. But if that be conceded it would not be decisive of this case, because that proposition is based on the theory that the estate is conveyed *in praesenti* although its enjoyment is to come in the future. It is essential to the validity of a deed purporting to convey such an estate that the right to the future estate conveyed vest in the grantee immediately though possession be deferred.

The test question in this case is, did the instrument in question, at the instant of its delivery, carry to the wife of the grantor an estate for life and to the son named the remainder in fee subject only to be defeated by a reversion on the happening of the contingency named? If yea, it was a deed, and the plaintiffs cannot recover. If on the other hand it was a mere gift to take effect only on the death of the testator then it was ineffectual for that purpose, because not executed in the manner prescribed by law for the execution of a will. [Murphy v. Gabbert, 166 Mo. 596; Griffin v. McIntosh, 176 Mo. 392; Dozier v. Toalson, 180 Mo. 546.]

To answer the test question before us we must go to the instrument itself and find what was the true intent and meaning of the maker. The cardinal rule of interpretation of a deed is, in one respect at least, the same as that of the interpretation of a will, that is, the true intent and purpose of the maker as that intent may be discerned from the instrument itself taking it all together, considering every part of it and viewing it in light of the circumstances surrounding the maker at the time of its execution. [Long v. Timms, 107 Mo. 512; Speed v. Railroad, 163 Mo. 111.]

In the briefs of counsel on both sides are cited many cases illustrating their respective views of this

subject, but the principles above stated are recognized in all of those cases and what differences of opinions there may be are traceable to the differences in the facts of the several cases. After we have gleaned from those cases the general principles of law, we gain little aid from the discussions of the facts, because each case must stand on its own facts. What are the facts of this case?

Charles Aldridge, as in the brief for defendants is said, was an old man, the father of several children all of whom had married and left him except the youngest, Max Aldridge. The instrument in question was executed only a little more than one month before his death. It purported to dispose of all his estate, real and personal, subject to the payment of his debts, a life estate in the land to his wife, remainder in fee to his son Charles. The consideration expressed is "love and affection and ten dollars." Under the circumstances the money consideration named must be considered as nominal only, the real consideration was love and affection, the transaction was a gift, the element of an ordinary purchase for a valuable consideration is absent. In the granting clause there are the words "grant, bargain, sell, convey and confirm unto the said parties of the second part" (the land described), "on this condition however, that if I, the said Charles Aldridge outlive the said Amelia J. Aldridge the land reverts back to me in fee." Thus far the language employed sustains the contention of the defendants that it was a present gift subject to be defeated on the happening of the contingency named, for of course the title could not revert to the grantor if it had not first passed from him.

If we are to take those words, assuming that the grantor used them, to have their full technical force and effect, then we must say that his intention was to give away his homestead and his means of independent support and render himself for the rest of his life a

dependent on his wife, and indeed if the instrument ended with the words above quoted there would be no escape from that conclusion, and we would be compelled to so construe it. But that was not the end of the instrument or even the end of the granting clause; the grantor, as if apprehending that he had not by those words made his purpose clear enough, adds the following immediately after the words above quoted: "That if I should die first then the said Amelia J. Aldridge shall have this land for her lifetime for her use and support and at her death said land to go in fee to Charles L. Aldridge, my son." What do those words mean? If the defendants are correct in their interpretation of the words previously quoted then the words last quoted mean nothing. If there was a present conveyance of a life estate to the wife and remainder in fee to the son, subject only to be defeated by the happening of the contingency mentioned, what was the purpose of saying that if the contingency did not happen the estate was not to be defeated. If the defendants' contention is correct the words last quoted neither add to nor take from the effect of the other words contained in the granting clause. If the words last quoted were identical in their meaning with the words preceding them we might with propriety disregard them as useless repetition or surplusage. But they are not identical in meaning if the former words mean what the defendants' learned counsel think they mean, that is, if they mean to convey presently an estate, because these latter words point to a future contingency and say that if that should occur then the said Amelia J. Aldridge "shall have this land," etc., "and at her death it shall go in fee to Charles L. Aldridge, my son." Both estates depend on the happening of that contingency.

Reading the whole document it looks very much as if it was constructed by filling in a printed blank; the verbiage in the main is of the set form, while the words

designed to qualify the words of conveyance have the tone of originality. In reading the whole document, as soon as we have passed the common phrases which we usually find in a printed form we come to the somewhat homely but not less positive language injected into the vitals of the granting clause qualifying and limiting the grant, which qualification is expressed first in one form, and second in another, first if the grantor survives his wife the estate is to revert to him, second if she survives him it is to go to her and with it is to go also all the live stock of which he should die possessed, the whole to be subject to the payment of his debts. The remainder to the son Charles is subject to the same conditions.

Immediately following the formal words of conveyance and description of the land is: "On this condition, however, that if I the said Charles Aldridge outlive the said Amelia J. Aldridge the land reverts back to me in fee. That if I should die first then the said Amelia J. Aldridge shall have this land," etc. The word "that" at the beginning of the last sentence is used as a conjunction, with the same meaning the same word has in the preceding sentence, and it connects this back with that sentence to follow the words "on this condition, however," so that it would read "on this condition, however, that if I should die first then the said Amelia J. Aldridge shall have this land," etc., in other words the conveyance is on condition that the grantor die first, or, in still other words, the gift is to go into effect on the grantor's death and with it is to go all the live stock of which he might die possessed, the whole subject to the payment of his debts. In our opinion the dominant purpose was to make a testamentary disposition of the property and since it was not executed according to the law governing the execution of wills the instrument is invalid.

The judgment is reversed and the cause remanded for re-trial. All concur, except *Woodson, J.*, not sitting.