## COMMISSIONER OF INTERNAL REVENUE v. EHRHART.
### No. 7751.

Circuit Court of Appeals, Fifth Circuit.
Feb. 27, 1936.

J. P. Jackson, Sp. Asst. to the Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., and Robert H. Jackson, Asst. Gen. Coun-sel, Bureau of Internal Revenue, and Roy N. McMillan, Sp. Atty. for the Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

William A. Wilson, of Pittsburgh, Pa., for respondent.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

In his income tax return for the year 1930, the respondent claimed as a deductible loss the sum of $9,999, being the difference between the price, $10,000, paid by respondent in 1915 for 100 shares of the stock of the Consolidated Company, an Illinois corporation (which stock was surrendered to that corporation for 60 shares of its stock, that exchange resulting in neither gain nor loss), and the amount $1, for which respondent transferred that stock to his son in December, 1930. The Commissioner disallowed that deduction. On a petition for a redetermination of the deficiency determined by the Commissioner, the Board of Tax Appeals allowed that deduction. A stipulation of facts was filed with the Board of Tax Appeals. That stipulation showed the following:

The stock paid no dividends since January 8, 1921. In 1927 the respondent claimed his investment in the stock as a loss. The loss, $10,000, was disallowed by the Commissioner. "During 1930 the Petitioner [Respondent here] sold this stock to his son, J. P. Ehrhart, president of the Jamestown Paint and Varnish Company, Jamestown, Pennsylvania, for $1.00. The stock certificate was actually delivered and the consideration was actually paid, the entire transaction having been handled by letters." The income tax returns of the Consolidated Company for the years 1928, 1929, and 1930 were introduced in evidence in the hearing before the Board of Tax Appeals. Those returns showed that that Company was doing a large volume of business in those years, but that this volume of business was greatly reduced in 1930 from what it was in the two prior years. There was a heavy loss in 1930, but the corporation's income tax return for that year showed that at the end of that year its surplus and undivided profits, shown on its books, amounted to $13,537.63, and that at the end of that year it had accounts and notes receivable amounting to $153,659.77.

Under the evidence adduced before the Board it is not open to dispute that the

stock in question had a substantial value, very greatly in excess of the amount paid for it by the respondent's son. There was no evidence tending to prove that at the time of the transfer the stock was worth less than $10,000, the amount which respondent paid for it. From the facts disclosed by the stipulation of parties and other evidence, it appears that the amount paid by the transferee was so trivial as compared with the value of the stock transferred as to require the conclusion that the transaction was not in reality a sale, but was intended to operate as a gift; that the purported sale was a mere sham. A different result is not required by the circumstance that the parties stipulated in writing that "during 1930 the petitioner sold this stock to his son. * * *" If the just set out part of the stipulation is to be regarded as an agreement concerning the legal effect of admitted facts, that part or feature of the stipulation is inoperative, as the legal effect of a transaction is a question of law, as to which the court cannot be controlled by the agreement of parties. Swift & Co. v. Hocking Valley Ry. Co., 243 U.S. 281, 289, 37 S.Ct. 287, 61 L.Ed. 722; 60 C.J. 50. A transfer of property of substantial value is not kept from being a gift by the payment of a trivial or merely nominal consideration. Aldridge v. Aldridge, 202 Mo. 565, 573, 101 S.W. 42; In re Estate of Hall, 154 Cal. 527, 531, 98 P. 269. Circumstances attending the transaction in question, notably the relation of father and son between the parties to it and the gross disparity between the value of the stock and the sum paid for it, kept that transaction from having the semblance of a real sale for a valuable consideration.

The asserted right to the deduction claimed is based upon the provision of section 23 (e) (2) of the Revenue Act of 1928 (45 Stat. 791), 26 U.S.C.A. § 23 note, allowing deductions for losses by individuals during the taxable year, "if incurred in any transaction entered into for profit, though not connected with the trade or business." The burden was on the taxpayer to show that he comes within the terms of that provision. New Colonial Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. Where the deduction claimed is based on an alleged sale of property for less than it cost the taxpayer, he must show that the sale and the loss were genuine and real. Weiss v. Stearns, 265 U.S. 242, 44 S.Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520; Commissioner of Internal Revenue v. Hale (C.C.A.) 67 F.(2d) 561. It does not appear from the record that by the transaction disclosed the respondent sustained a deductible loss in the amount claimed. The allowance of the claimed deduction in question was erroneous. The petition is granted, and the cause is remanded to the Board of Tax Appeals for further proceedings consistent with this opinion.

Petition granted.