**Elbert R. WHEELER and Edith Wheeler,
Respondents,**

**v.**

**Stella Harper RINES, Allen Rines,
Appellants,**

**Elton Harper et al., Defendants,**

**Stellie Harper Rines, Executrix of the Estate
of E. W. Harper, Deceased, Appellant.**

**No. 49899.**

Supreme Court of Missouri,

Division No. 1.

Jan. 13, 1964.

Motion for Rehearing or Transfer
to Court En Banc Denied
Feb. 10, 1964.

Powell, Jones & Ringer, Dexter, Sharp & Hatley, Malden, for defendants-appellants.

Paul McGhee, Bloomfield, for respondents.

COIL, Commissioner.

In this case, tried to the court on stipulated facts, respondents, plaintiffs below, sought to quiet title to land in Stoddard County. Appellants are three of the defendants below who appealed from the trial court's judgment quieting title in respondents.

On April 1, 1960, E. W. Harper who owned the land executed and delivered to Mr. and Mrs. Elbert Wheeler a warranty deed which included the standard provisions of such a deed, reciting that for $500 and other valuable consideration he did "Grant, Bargain and Sell, Convey and Confirm" to the Wheelers the described land. Immediately following the description was this language: "THIS DEED, IS Not To Take Effect till after The Death Of the Said E.

W. Harper." The deed contained a standard habendum clause.

At the same time, i. e., on April 1, 1960, Mr. Harper executed a will, by the terms and provisions of which he bequeathed to named nephews and nieces, including appellant Stella Harper Rines, one dollar each and bequeathed the remainder of his estate to the Wheelers, grantees in the deed.

On June 2, 1960, Mr. Harper executed another will which, after his death on November 30, 1961, was duly probated. The provisions of that will revoked the prior one and bequeathed to named nephews and nieces, not including appellant Stella Harper Rines, the sum of one dollar each and bequeathed to Stella the remainder of his estate.

On November 22, 1961, Mr. Harper executed and delivered to Mr. and Mrs. Allen Rines (Allen being the husband of Stella) a general warranty deed purporting to convey the same property as that described in the deed of April 1, 1960. The November 1961 instrument contained the standard provisions of a general warranty deed and provided that for the recited consideration of "ONE DOLLAR and other valuable" (sic), the grantor did "Grant, Bargain and Sell, Convey and Confirm" to the Rineses the land there described. The description was followed by this language: "Grantors herein reserves a life estate with full control, rents and profits therefore during his natural life." The deed contained a standard habendum clause.

The deed dated April 1, 1960, was recorded on December 4, 1961, after the death of grantor. The deed dated November 22, 1961, was recorded on November 24, 1961, prior to the death of grantor.

The foregoing facts which were stipulated were all the evidence upon which the case was submitted. Thus, there is nothing before us tending to show the circumstances under which the documents were executed.

■ Appellants contend that the April 1, 1960, deed shows on its face that it was intended as a testamentary disposition and thus, inasmuch as it was not executed in accordance with the requirements for the execution of a will, it was wholly ineffective to pass any estate or interest. It is our view that appellants' contention must be sustained for the reasons which follow.

The question in this type of case is always whether the grantor intended by the document he executed to pass a present estate or interest, or intended that no estate or interest would pass until his death. In the cases cited and relied upon by respondents the grantor used language which clearly showed his intention to reserve a life estate and, in addition, used language indicating that the deed was not to be effective until his death. In those cases the court correctly found that the grantor used the language with respect to the fact that the instrument was not to take effect until his death in order to make explicit or to emphasize the fact that the grantor intended to reserve a life estate. The deed in the present case, unlike those considered in the cases cited by respondents, contains no language which may be construed as reserving a life estate, unless we correctly may hold that the language used, standing alone and without any evidence of surrounding circumstances, indicates both that grantor intended to reserve a life estate and to convey a present interest. The words used were, we repeat:

"THIS DEED, IS Not To Take Effect till after The Death Of the Said E. W. Harper."

As we see it, the foregoing language is explicit and plain. It stands alone and it means what it says—that the deed was not to take effect until after the grantor's death. There is no language in the deed clearly reserving a life estate and there is no other language in the deed indicating that grantor intended to reserve a life estate or intended to convey a present estate.

The only Missouri case we have found which is like the present one, in that the deed contained no reference to a life estate

and contained language almost exactly like that in the present deed, is Terry v. Glover, 235 Mo. 544, 139 S.W. 337. The court described the deed there in question: "The instrument on its face makes no mention of a life estate or of a remainder, but purports to be a conveyance in fee by the grantor to his wife. The language of the deed is: 'That the said party of the first part (George Glover) in consideration of the sum of one hundred dollars and love and affection to him paid by the said party of the second part (his wife, Louise Glover) the receipt of which is hereby acknowledged, do by these presents grant, bargain and sell, convey and confirm unto the said party of the second part, her heirs and assigns, the following described lots, tracts or parcels of land lying being and situate in the county of Livingston and state of Missouri, to wit: [Then follows a description of the land which we will omit; after that description comes this sentence:] *This deed not to go into effect until after the death of the said George Glover.*' The widow insists that those words constitute a reservation of a life estate in the grantor, and that the preceding words of 'grant, bargain and sell' convey to her an estate in fee in remainder. In her answer she says that such was the intention of her husband when he executed the deed, and if the language employed does not express that purpose the scrivener who wrote it made a mistake, and she prays that the deed be reformed to express that intention. The plaintiffs contend that the deed correctly expresses the purpose of the grantor, and that it is therefore ineffectual as a deed, is testamentary in character, and, not being executed as a will, is without force; * *." (Our italics.) 139 S.W. 338.

In that case there was a question whether the deed had been delivered, but with reference to whether it was testamentary in character, the court said:

"But even if the instrument had been delivered it was invalid as a deed of conveyance, because, by its own terms, it was not to take effect until after the death of the grantor, it was testamentary in its character, and, not being executed according to the requirements of law for the execution of a will, it is invalid as such." 139 S.W. 339.

Respondents correctly contend that we should consider the April 1 will along with the April 1 deed and that, so doing, it appears that the grantor intended by the deed to grant the remainder in the described property to respondents and, by his will, to grant the residue of his estate to respondents. For, they say, "If Harper had intended otherwise the deed would have been entirely superfluous." It may be that (assuming that the April 1 will was not revoked) the Wheelers would have received the land in question under the April 1 will; but the fact, standing alone, that a deed might have proved to have been unnecessary under certain conditions, does not indicate that the grantor meant something other than he said by his specific unqualified language that the deed was not to take effect until after his death.

██ Respondents also suggest that there was a "delivery" of the April 1 deed. Of course, whether there was a "delivery," in the sense that the grantor intended to pass a present estate, is, in large measure, the very issue before us. For it is well settled that to effect a "delivery" the grantor must not only part with physical dominion and control of the instrument and manually deliver it, but he must do those acts with the intention that the deed pass a present estate or interest to the grantee. Delaney v. Light, Mo., 263 S.W. 813, 818 [4, 5]; Clark v. Skinner, 334 Mo. 1190, 70 S.W.2d 1094, 1099 [10, 11]; Klatt v. Wolff, Mo., 173 S.W.2d 933, 936 [3-9]. We have no doubt that by the stipulation which provided that each deed was "executed and delivered" to the respective grantee, the parties referred to a manual delivery; a transfer of possession of the deed. It is true that the fact of a manual delivery to and the possession of a deed by the grantee is a circumstance to be taken into account in at-

tempting to determine whether the grantor intended to pass a present estate or interest. But in the present case the facts are, as shown by the stipulation, that while respondents had physical possession of the April 1, 1960, deed, they did not record it until after the grantor's death. It seems, therefore, that whatever effect the manual delivery of the deed and respondents' physical possession thereof might otherwise have had, is overcome by the further fact that respondents' action with respect to recordation was consistent with the intent (indicated by the explicit language used) on the part of the grantor not to pass to them any estate or interest until his death.

Both parties have cited the recent case Cook v. Daniels, Mo., 306 S.W.2d 573. There, the deed (following the description of the land) contained this provision: " 'The Grantor herein conveys to the said Myrtle Weaver, his wife, and to the heirs of her body, all his right, title and interest in the above land, to be effective at his death, reserving herein a life estate in said land, intending at the death of his wife, Myrtle Weaver, for the land to descend to the heirs of her body.' " The court, in holding such a provision constituted a conveyance of a present interest, pointed out that there was a clear reservation of a life estate, that the grantor conveyed "all his right, title and interest * * * to be effective at his death," and said further that, considering the entire reservation clause, it was grantor's intent that the grantee should not have the right of possession until grantor's death and that the words, the "deed shall be effective and in full force from and after my decease," were intended to emphasize the fact that a life estate had been reserved

In the present case, there is no "entire reservation clause"; there is no clear reservation of a life estate; there are only the words, standing alone, "THIS DEED, IS Not To Take Effect till after The Death Of the Said E. W. Harper."

This court in the Cook case, supra, relied upon and quoted with approval from Barker v. Barker, Mo., 219 S.W.2d 391, another case relied upon by respondents. In the Barker case (219 S.W.2d 392), the clause following the description was: "I hereby reserve a life interest in the property described in this deed, and said deed shall be effective and in full force from and after my decease." Again, there was a clear reservation of a life estate indicating that the testator, by the further language as to the deed's effective date, was only emphasizing the fact that a life estate had been reserved.

In Christ v. Kuehne, 172 Mo. 118, 72 S.W. 537, relied upon by respondents, the case in so far as here pertinent is correctly summarized in the first syllabus: "A deed conveyed property to the grantor's wife, 'to have and to hold from and after the death' of the grantor 'for and during her natural life,' and after her death to the grantor's heirs forever; 'it being understood that this conveyance is made upon the express condition' that the grantor should 'during his lifetime retain the possession and control of the premises hereinbefore described.' *Held* to pass a present interest in the property, and not to be testamentary in character." In O'Day v. Meadows, 194 Mo. 588, 92 S.W. 637, Mr. and Mrs. O'Day quitclaimed an estate in certain described land, "commencing upon the death of the said John O'Day and continuing so long as said Clymena Alice O'Day shall live." The court was of the opinion that Mr. O'Day intended to reserve a life estate so long as his wife lived, the possession and enjoyment of which were postponed until his death, and thus that the deed was not testamentary in character.

We are of the opinion that the Barker, Cook, Christ and O'Day cases, supra, as well as the two other cases [1] cited and relied upon by respondents, are distinguishable from the present one for the reason we have heretofore stated, viz., in the cited

1. Wimpey v. Ledford, Mo., 177 S.W. 302; Dawson v. Taylor, Mo., 214 S.W. 852.

cases there was language from which it could be determined that it was the intent of the grantor to pass a present interest, usually by reason of language clearly reserving a life estate, while in the present case there is nothing which tends to indicate that grantor intended to pass a present estate or interest. On the contrary, the plain meaning of the only pertinent language, this deed is not to take effect till after the death of the grantor, is that Mr. Harper intended that no estate or interest would pass until his death.

The judgment is reversed and the case remanded for entry of a judgment consistent with the views herein expressed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.