Howard R. BEAUCHAMP, Appellant,

v.

Alberta BEAUCHAMP, Respondent.

No. 50451.

Supreme Court of Missouri,

Division No. 2.

July 13, 1964.

Motion for Rehearing or to Transfer to
Court En Banc Denied Sept. 14, 1964.

Jonathan E. Clarke, Elsberry, and Green,
Hennings, Henry, Evans & Arnold, Thomas C. Coleman, St. Louis, for appellant.

Robert V. Niedner Niedner, Niedner &
Moerschel, St. Charles, for respondent.

PRITCHARD, Commissioner.

This is a suit to quiet title to two parcels
of land upon the ground that the deeds
conveying the lands were testamentary in
character in that the grantor excepted unto
herself all right, title and interest and control of the lands as long as she should live,
and upon her death then to the grantees.

Sally S. Beauchamp was the grantor
in the deeds. Her son, Arnold S. Beau-

champ and his wife, Alberta, who is respondent here, were grantees. Arnold S. Beauchamp died in October, 1956, and respondent is claiming the lands described in the deeds in fee simple absolute as surviving tenant by the entirety to her deceased husband. Sally S. Beauchamp died intestate in May, 1958, and her other son, appellant, is her sole heir, by reason of which he claims the lands. We have jurisdiction of this appeal because title to real estate is in issue between the parties. Const. Mo., Art. V, § 3, V.A.M.S.

The deeds, having been drafted by a lawyer, were executed by the grantor at two different times. Both instruments were in the form of regular general warranty deeds. The first was dated November 11, 1955, and purported to convey approximately 113 acres of land (and an easement) in Pike County, Missouri. After the description this deed recited: "Excepting, unto herself, the said Sally S. Beauchamp, all right, title, interest and control of the above described lands and easements as long as she, the said Sally S. Beauchamp, shall live, and upon her death then to Arnold S. Beauchamp and Alberta Beauchamp, husband and wife, in fee simple absolute." The second deed, which purported to convey an undivided one-half interest in approximately 34 acres of land, was dated January 29, 1956. Following the description the second deed recited: "Excepting, unto the party of the first part, Sallie S. Beauchamp, all right, title, interest and control, as long as she shall live, and upon her death then to the parties of the second part, Arnold S. Beauchamp and Alberta Beauchamp, husband and wife."

Aside from the "excepting" clauses in the deeds, there is no limitation in either the granting or habendum clauses. Both deeds were delivered, as conceded by appellant, and both were recorded in the office of the Recorder of Deeds of Pike County, Missouri.

In approaching our task of the construction of these deeds we have avail-able several well-established rules in the wealth of cases on the much litigated question here: Whether the deeds passed a present interest when executed, or whether they are testamentary in character and void as not being in compliance with the statute of wills, § 474.320, RSMo 1959? The first of these rules is that the intention of the grantor is to be ascertained and that effect be given thereto if practicable and if such intention is not contrary to some positive rule of law; and in ascertaining such intention all the provisions of the deed are to be considered. Keller v. Keller, 343 Mo. 815, 123 S.W.2d 113, 115 [1–4]; Leeper v. Leeper, 347 Mo. 442, 147 S.W.2d 660, 662, 133 A.L.R. 586. A construction which will give validity to the deed is favored over one which will invalidate it. Hobbs v. Yeager, Mo., 263 S.W. 225; Mizell v. Osmon, 354 Mo. 321, 189 S.W.2d 306, 311 [7–11]. Although the parties are in dispute as to whether the testimony of the scrivener of the deeds should be received and considered as being evidence bearing on the intention of the grantor, Mrs. Beauchamp, we need not consider that point because as hereinafter set forth we do determine that intention from the words used in the deed itself.

Appellant has cited many cases of this state holding that certain provisions in deeds are testamentary in nature and are void as deeds. Those cases are distinguishable from the case at bar. In Thorp v. Daniel, 339 Mo. 763, 99 S.W.2d 42, the court held that the deed in question positively stated that it was the grantor's intention that it should not take effect until the death of the grantor. In Goodale et al. v. Evans, 263 Mo. 219, 172 S.W. 370, the habendum clause of the deed (held to be testamentary and void) recited, "To have and to hold the premises * * * from and after the death (of grantor)." "[T]he intention of the grantor by this deed is to convey said property to said Leah J. Evans for life, to take effect on the death of the grantor." In Aldridge v. Aldridge, 202 Mo. 565, 101 S.W. 42, 43, the court held that the domi-

nant purpose of the grantor was to make a testamentary disposition of his property by the use of these words after the description in his deed: "[O]n this condition however, that if I, the said Charles Aldridge outlive the said Amelia J. Aldridge the land reverts back to me in fee. That if I should die first then the said Amelia J. Aldridge shall have this land for her lifetime * * *. In connection with this I give to my wife * * * all my live stock to go to her at my death." In Hohenstreet v. Segelhorst, 285 Mo. 507, 227 S.W. 80, the deed expressly provided that it would not take effect until after the death of the grantors, and the deed should be held in the recorder's office until after such death. The quitclaim deed in Kanan v. Hogan, 307 Mo. 269, 270 S.W. 646, did not in any language reserve a life estate, but stated specifically, "[T]his to take effect at and after my death." It is apparent that in these foregoing cases, which are representative of clauses in deeds held to be testamentary in nature, there was language expressly indicating that such deeds were not to take effect until death.

By the use of the words "all right, title, interest and control" in the "excepting" clauses of the deeds, appellant claims grantor clearly demonstrated her intention to postpone the vesting of any present interest in the grantees (the same claim being made as to grantor's use of the words "upon her death then" to grantees). The case of Wimpey v. Ledford, Mo., 177 S.W. 302, 304 [4], holds that the word "title" may be used synonymously with ownership or right to possession, dependent upon the context. The deed in the Wimpey case recited that the grantors "shall have all controlling power of the above-described premises during their lifetime, and at their death then the title is to pass to parties of the second part." It was held that these words of limitation indicated the intention of the grantors to create a present interest or estate in the grantees, but to defer the enjoyment of the same until after the death of the grantors. See also Christ v. Kuehne, 172 Mo. 118, 72 S.W. 537, where the deed

(held nontestamentary) was from husband to wife with the habendum clause provision, "[T]o have and to hold from and after the death" of the grantor " 'for and during her natural life,' and after her death to the grantor's heirs forever; 'it being understood that this conveyance is made upon the express condition' " that the grantor should "during his lifetime retain the possession and control of the premises hereinbefore described." See annotations: 11 A.L.R. 67; 76 A.L.R. 646; 31 A.L.R.2d 570. See also 16 Am.Jur. Deeds, § 197, p. 548.

The qualitative incidents of the title to a life estate during its continuance are all the rights of possession, interest and control of the premises. 31 C.J.S. Estates § 38 p. 68; Mathis v. Melton, 293 Mo. 134, 238 S.W. 806, 808 [3-6]. It is thus not inconsistent with the granting in the present of a remainder interest, with possession and enjoyment of that estate deferred, that the grantor should describe the incidents of her retained life estate. We do not agree with appellant that those words indicate an intention to postpone the vesting of the estate, but on the contrary, we hold that they indicate an intention to grant an estate in the present, with possession and enjoyment postponed until after the death of the life tenant. Nor does the appellant's argument that the grantor's use of the words "upon her death *then*" to grantees aid him. These latter words merely indicate a cessation of the life estate (and emphasize the reservation of such life estate, see Barker v. Barker, Mo., 219 S.W.2d 391), at which time the previously granted interest of grantees would become vested in possession and enjoyment. There are no words in these deeds which would negate an intention of the grantor to pass a present interest at the time of execution thereof. Christ v. Kuehne, supra, 172 Mo. 118, loc. cit. 72 S.W. 538; O'Day v. Meadows, 194 Mo. 588, 92 S.W. 637, 645; Sims v. Brown, 252 Mo. 58, 158 S.W. 624, 627 [5]; and Wimpey v. Ledford, supra, loc. cit. 177 S.W. 303 [2, 3].

The trial court did not err in finding that the deeds in question conveyed to the grantees an estate in fee, subject only to grantor's right of possession during her lifetime.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.