## GRIFFIN et al., Appellants, v. McINTOSH.

### Division Two, June 30, 1903.

1. **Deeds:** INTENTION OF PARTIES. The courts can not give effect to the intention of parties to a deed if that intention contravenes some inflexible rule of law.

2. ————: TESTAMENTARY IN CHARACTER. A deed on its face declared that it was to be held by the maker till his death and then was to be delivered to the grantee, and the evidence showed that it was held by him until two weeks before his death and then placed in the grantee's hands "to take care of." *Held*, that it was testamentary in character, and did not pass a present interest in the land to the grantee, and hence was not good as a deed, although all the parties thereto intended that it should take effect at the maker's death. And the evidence showing that in turning over the deed to the grantee he did not make an unequivocal delivery and relinquishment thereof, it did not pass the title to the grantee.

3. ————: ————: DELIVERY. A deed by an old man and his wife, without consideration, but a warranty in form, conveyed certain lands to their son, "upon the express condition" that the grantors were "to live on the farm till their death as one of the family and to hold the deed in their possession till their death; then this deed is to be delivered" to the grantee. After executing this deed the father lived about eighteen months, and then two weeks before his death, at the age of seventy-eight being very feeble, he stated to a daughter that he had made a deed to the son, and that he thought he would "be up and have it recorded before now." He said to his wife, "I will just give it up to him. He says he can take care of it." He said he would "just give it into" the grantee's "care to take care of it," and his wife got it and gave it to him. *Held*, that the deed being testamentary in character, this evidence does not show such an unequivocal delivery as to make it a valid conveyance, for it falls short of a waiver of the express conditions of the deed.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,*
Judge.

REVERSED AND REMANDED.

*Ross & Sea* for appellants.

Parol testimony will not be permitted to control
the meaning of a deed, or the intention as shown therein.
Simonds, Admr. v. Beauchamp, 1 Mo. 589; 1 Greenleaf
(Redfield's Ed.), sec. 275; Jennings v. Brizeadine, 44
Mo. 332. "In the construction the expressed will of
the parties is to control. If this be plain upon the face
of the instrument courts are to go no further, though
the words used frustrate the grant itself." Jennings v.
Brizeadine, supra. The delivery of a deed to pass title
is a question of intention and the delivery to the gran-
tee, defendant, to "take care of" as testified to by Mrs.
Crain, can not be taken as contradictory of the gran-
tor's intention, as shown in the deed offered by defend-
ant. Devlin on Deeds (1 Ed.), secs. 282 and 1310;
Hughey v. Hughey, 65 Mo. 689. All parties to a deed
are estopped from denying the recitals therein. Dick-
erson v. Anderson & Thompson, 9 Mo. 156; Clamorgan
v. Greene, 32 Mo. 285; Durette v. Briggs, 47 Mo. 356.
No evidence should have been admitted to show a dif-
ferent intention as to delivery of the deed offered in ev-
idence by defendant than was recited in the deed. Her-
man on Estoppel, sec. 237; Woods' Practice Evidence
(1 Ed.), sec. 22, p. 53; Joekel v. Easton, 11 Mo. 118;
Hazenritter v. Kirschhoffer, 79 Mo. 239; Davidson v.
Monson, 146 Mo. 620; 1 Greenleaf, Evidence (Redfield
Ed.), secs. 282 and 282a; Walton v. Drumtra, 152 Mo.
489. A deed will not be made to perform the function
of a will. Sneathen v. Sneathen, 104 Mo. 201; Allen
v. DeGroodt, 105 Mo. 442. The deed offered in evidence
by defendant from Collon McIntosh and wife should
have been excluded, because upon its face and by its

terms it could not be delivered until after the death of the makers and could never have taken effect or become valid as a conveyance.    Devlin on Deeds (1 Ed.), sec. 18.

*J. B. Upton* and *C. H. Skinker* for respondent.

(1)    The provision in the deed to the effect that it was not to be delivered to the defendant during the life of the grantors was waived by the actual delivery of the deed.    The doctrine of waiver is one of the most familiar doctrines and pervades a large portion of human transactions.    Under its operation rights are lost and rights acquired, titles vested and divested.    Chouteau v. Allen, 70 Mo. 290.    A waiver may be made by an agreement, or without an agreement, upon consideration, or without consideration.    No man is compelled to stand on a right which the law gives him, but he can waive it.    Fulkerson v. Lynn, 64 Mo. App. 649.    A parol waiver, or a waiver by acts, is as effective as an express waiver in writing.    Burnham v. Ins. Co., 63 Mo. App. 85.    (2)    The deed being an absolute conveyance, containing general covenants of warranty, and having been duly delivered during the life of the grantors, the clause providing that it should not take effect or be delivered until after their death, must be rejected for repugnancy.    McDowell v. Brown, 21 Mo. 57; 4 Greenl. Cruise, 307; Jamison v. Fopiana, 48 Mo. 194; Briant v. Garrison, 150 Mo. 655.

GANTT, P. J.—This is an action by two of the daughters of Collon McIntosh, deceased, to recover each one undivided one-eighth of certain real estate in Polk county, from the defendant James H. McIntosh, their brother, who is a son of said Collon McIntosh, deceased.    Collon McIntosh left surviving him at his death March 23, 1896, his widow, Jane McIntosh, who afterwards died January 7, 1898, and eight children.

After the death of the widow the plaintiffs brought

this action of ejectment to be let into possession with their brother, the defendant, of two-eighths of the lands owned by their father in his lifetime, and of which defendant was and had been in the exclusive possession since the death of his mother, January 7, 1898. The defendant claimed title through a deed from his father and mother of date February 15, 1895, which is in words and figures following:

"This indenture, made on the 15th day of February, A. D., one thousand eight hundred and ninety-five, by and between Collon McIntosh and Jane McIntosh his wife, of the county of Polk and State of Missouri, parties of the first part, and James H. McIntosh of the county of Polk and State of Missouri, party of the second part:

"Witnesseth, that the said parties of the first part, in consideration of the sum of one dollar, to us paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents grant, bargain and sell, convey and confirm unto the said party of the second part, his heirs and assigns, the following described lots, tracts or parcels of land, lying, being and situate in the county of Polk and State of Missouri, to-wit: The northeast quarter of the northeast quarter of section eighteen, also the northwest quarter of the northwest quarter of section seventeen, less ten acres off the east side, and the southeast fourth of the northeast quarter section eighteen, all in township thirty-three, of range twenty-four, containing in all one hundred and ten acres.

"Upon this express condition that the said Collon McIntosh and Jane McIntosh is to live on the farm till their death as one of the family and to hold the deed in their possession till their death; then this deed is to be delivered to James H. McIntosh or his heirs.

"To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging, or in anywise apper-

taining, unto the said party of the second part, and unto his heirs and assigns forever, the said Collon McIntosh hereby covenanting that they are lawfully seized of an indefeasible estate in fee in the premises herein conveyed, that they have good right to convey the same, that the said premises are free and clear of any incumbrance done or suffered by them or those under whom they claim; and that they will warrant and defend the title to the said premises unto the said party of the second part, and unto his heirs and assigns forever, against the lawful claims and demands of all persons whomsoever.

"In witness whereof, the said parties of the first part have hereunto set their hands and seals the day and year first above written.

[Seal]                    "COLLON McINTOSH.

                          "JANE (X) McINTOSH.

"Signed, sealed and delivered in presence of us: John W. Crow, Ida A. McIntosh, witnesses to mark.

"State of Missouri, County of Polk, ss.   On this 15th day of February, 1895, before me personally appeared Collon McIntosh and Jane McIntosh his wife, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

"In testimony whereof, I have hereunto set my hand and affixed my official seal at my office in Madison township the day and year first above written.

              "JNO. W. CROW, Justice of the Peace.

"Filed for record, this 2nd day of April, A. D. 1896, at 9 o'clock 30 minutes a. m.

                   "ARTHUR GRIFFIN, Recorder,

                     "By OTIS MOSIER, Deputy."

Plaintiff objected to this deed on the ground that it was void on its face. The defendant offered parol evidence that this deed was delivered to him about two weeks before his father's death. To this evidence plaintiff objected on the ground that it would contradict the

intention of the grantor as shown on the face of the instrument, and that defendant was bound by the recitals therein.   These objections were by the court overruled and plaintiff duly excepted.

The construction to be given this instrument is the controlling point on this appeal.

The instrument is an ordinary warranty deed in form except the clause immediately following the description which is as follows:   "Upon this express condition that the said Collon McIntosh and Jane McIntosh is to live on the farm till their death as one of the family and to hold the deed in their possession till their death, then this deed is to be delivered to James H. McIntosh or his heirs."

What effect must be given this instrument?   It is beyond conjecture that Collon McIntosh and his wife executed this instrument with the intention of conferring, at some time, the title to the lands therein described on his son James, and looking to this condition it would appear to be equally clear that the time when the title was to vest in the son was after the death of the father and the mother.

In the absence of this condition written into the deed, the instrument could have had no effect to convey the title until it was delivered.   The grantor and his scrivener were evidently under the impression that the deed could be delivered after the death of the parents to the son, but of course delivery is essential to make a deed effectual and it must occur in the lifetime of the grantor.   We are not left entirely to this expression of the intention of the father.   This instrument was executed and acknowledged on the 15th day of February, 1895, and Collon McIntosh the grantor therein lived until March 23, 1896, more than a year after its execution, and it appears from the testimony of Mrs. Crain, one of his daughters and a witness for defendant, that the old gentleman retained this instrument in his own possession in his wife's trunk up to

a fortnight before his death. This retention of the deed was in exact accordance with the condition above noted.

John McIntosh, a son, also testified that he had a conversation several months after the deed was executed, in which he told the witness that "he had the deed there in his possession."

Crow, the Justice of the Peace, also testified that the deed was not delivered the day of its execution, although James McIntosh the grantee was present in the room when it was written and heard it read over.

The written condition and the subsequent conduct of the grantor in retaining the deed all indicate that at that time it was not the purpose of the maker to part with the dominion over his estate or this instrument during his lifetime.

The instrument taken as a whole was a testamentary disposition of the land to his son and did not pass a present interest in the property to his son. As said by this court in Murphy v. Gabbert, 166 Mo. 596, the test by which we determine whether an instrument is a deed or a will is whether it takes effect *in praesenti* or after the death of the maker.

The cases are collated by BURGESS, J., in that case, and it will be observed that the cases of Turner v. Scott, 51 Pa. St. 126, and Leaver v. Gauss, 62 Iowa 314, were both constructions of warranty deeds with conditions therein indicating they were not to take effect until after the death of the grantors, and they were held inoperative as deeds. So far we have little trouble in reaching the conclusion that this instrument was not good as a deed because on its face it was not to take effect until after the death of both the father and mother of defendant; and such was the intention of the father. Doubtless the father, and the justice of the peace, and the defendant all were of the impression that this was a valid conveyance, but the law is otherwise, and while courts seek diligently for the intention of the maker of

an instrument, it can not give effect to that intention if it contravenes some inflexible principle of law.

But notwithstanding the father expressly stipulated this instrument was not to be delivered, defendant insists he waived that condition and delivered it in his lifetime and that it became effectual from the moment of its delivery some two weeks prior to the father's death, and the court by its declaration of law took that view and "declared the law to be that if the deed from Collon McIntosh and wife was actually delivered by the grantors in their lifetime to defendant, then the clause in the deed with regard to delivery after death must be disregarded and said deed passed the title to defendant."

On the other hand, the plaintiff prayed the court to exclude all the parol evidence tending to contradict or vary the intention of the grantor as shown therein, and to declare that there was no evidence of title in defendant. No witness except Mrs. Crain testified to a delivery of the deed in the lifetime of the father and mother. Her testimony was to the effect that about two weeks before her father's death she was at his house. He was very feeble. He was seventy-eight years old. She was sitting on his bed and he was leaning against her. No one was present but her mother, father, brother Tom, the defendant, and herself.

Her father said he had made a deed to Tom and he thought he would be up and would have it recorded before now. "He just said to my mother, 'I will just give it up to Tom. *He says he can take care of it*,' and her mother got it and gave it to him." He said he "would just give it in Tom's care to take care of it." "She [meaning her mother] just went and got it and gave it to Tom to take care of." Giving this testimony its full effect, did it amount to an unequivocal delivery and relinquishment of all dominion over the deed and a waiver of the plain condition therein written? We think not. [Powell v. Banks, 146 Mo. 632.]

Few questions have received more careful consideration by this court than what will constitute a delivery of a deed.

It is well said in Sneathen v. Sneathen, 104 Mo. 210, that "the rule that the grantor must part with all dominion and control over the deed does not mean that he must put it out of his physical power to procure possession of it. It is sufficient that the deed is delivered . . . without reservation and with the intention that it shall take effect and from that time operate as a transfer of the title. . . . This intention may be manifested by acts or by words, or by both words and acts." [See, also, Tobin v. Bass, 85 Mo. 654; Standiford v. Standiford, 97 Mo. 231; Crowder v. Searcy, 103 Mo. 117, 118.]

Taking Mrs. Crain's evidence altogether and in the light of the terms of the instrument, the relationship of the parties, we think it falls short of waiving the express conditions of the deed. The defendant was present and heard his father say that "defendant had said, *he could take care of it,*" and her father's statement that "he would give it in Tom's care to take care of it." These expressions only made the defendant the custodian of the deed to take care of it for his father and mother, for the purpose therein expressed, and defendant's assent must be presumed.

The grantor at no time expressed an intention to waive its retention and to vest the title at once in defendant. The mere manual delivery under such circumstances was not a waiver of his plainly-expressed intention as to the retention of the deed during his lifetime, and that of his wife. This was not delivering it without reservation, and with intent to vest the title at once. In our opinion the court erred in holding that the grantor waived the condition and in declaring that Mrs. Crain's evidence showed a delivery of the deed, and there was no other evidence even tending to show such a waiver and delivery.

We think it was competent for the father to have waived the delivery but we hold there was no substantial evidence that he did. The instrument upon which defendant relied as a muniment of title was inoperative as a deed in the lifetime of Collin McIntosh, and was not attested so as to make a valid will.

The judgment is reversed and the cause remanded to be tried in accordance with the views herein expressed.

All concur.