JOHN R. MARTIN and W. C. MARTIN, Appellants, v. CORA MARTIN, DOROTHY MARTIN, G. T. PENDLETON, and the BOONVILLE NATIONAL BANK OF BOONVILLE, MO., Respondents.

Kansas City Court of Appeals. December 1, 1924.

1. **REFEREE: Findings of Referee Have Effect of Special Verdict.** The findings of a referee are a part of the record proper and have the effect of a special verdict.

2. **PARTITION: Finding of Referee in Charging Tenant in Possession with Rents and Profits held Proper.** In action in equity to partition land between tenants in common there was no error in action of referee in finding against tenant in possession for rents and profits.

3. ———: **Charging Plaintiffs with Rents and Profits and with Value of Personal Property Left on Land by Defendant's Decedent Held Not Error.** In a partition suit, where personal property of defendant's decedent left on land was properly included in answer, and she could not have been compelled equitably to institute action at law to recover value of her share of rents and profits and value of personal property, *held* there was no error in decree ordering distribution which charged plaintiffs with the value of such items.

Appeal from the Circuit Court of Cooper County.—*Hon. Henry J. Westhues,* Judge.

AFFIRMED.

*W. G.* and *G. T. Pendleton* for appellant.

*John Cosgrove* and *George D. Brownfield* for respondent.

ARNOLD, J.—This is an action instituted by a bill in equity filed by John R. Martin and W. C. Martin against Cora Martin and Dorothy Martin for partition of a farm of 124.77 acres of land located in Cooper county, Missouri, alleged to have been owned by the parties as tenants in common. Plaintiffs are brothers, defendant Cora Martin is the widow and Dorothy the only child and heir-at-law of Sylvester D. Martin, a brother of plaintiffs.

The land in question was purchased December 1, 1906, by the three brothers, viz., John R., W. C. and Sylvester D. Martin, the deed being made to John R. and Sylvester D. Martin. The petition alleges title in these two brothers and states that plaintiffs had made lasting and valuable improvements on the land in the way of permanent buildings; that the land was not susceptible of division in kind without great prejudice; that Sylvester D. Martin died intestate leaving said widow and heir as his legal representatives; that the land was encumbered by a deed of trust for $3500 executed by John R. Martin and Sylvester D. Martin on November 24, 1915, defendant G. T. Pendleton being trustee and defendant Boonville National Bank beneficiary in said deed of trust; that plaintiffs had paid the interest on said encumbrance up to the time of filing this suit. The prayer is for partition of the land by sale thereof and allowance to plaintiffs for the value of improvements and for their payments on said encumbrance.

The answer of Cora Martin denied W. C. Martin's claim to a share in the land; denied plaintiffs' claim for the improvements and payments on the encumbrance, and charged plaintiff John R. Martin with rents and profits of Sylvester D. Martin's share in the land, and

also charged him with having converted personal property belonging to Sylvester D. Martin to his own use, and prayed the court for the allowance of said charges in the decree. Defendant Dorothy Martin, an infant, through her guardian *ad litem,* John H. Windsor, filed formal answer, stating that she was not informed as to what right or title she had in the real estate sought to be partitioned; and that she demands strict proof by the plaintiffs and that her rights as such infant might be protected by a decree of the court.

The reply denied that plaintiffs, or either of them, had collected any rents from the land and paid no part thereof to Sylvester D. Martin, or anyone authorized by him to receive the same; and denied generally the other allegations of the answers.

It is disclosed by the record that after the purchase of the land John R. and Sylvester D. Martin occupied and operated the land as a farm, jointly, until in May, 1913, during which time they had accumulated considerable stock and other valuable personal property; that in May, 1913, Sylvester D. Martin, on account of ill health was compelled to go to the State of New Mexico, where he resided until his death which occurred on Nov. 28, 1921. In the meantime, Sylvester D. Martin intermarried with defendant Cora Martin (now Stemper) and to them was born defendant Dorothy.

The petition herein was filed in the circuit court of Cooper county, Missouri, on January 7, 1922, returnable to the May term, 1923, of said court. On March 22, 1923, at the January term of said court, by agreement of the parties, Charles W. Journey was appointed referee to try the issues involved and to report his findings to the court. On May 23d of the May term, 1923, the referee filed his report. In substance the report allowed all the claims made by plaintiffs for improvements, taxes paid, interest paid on the indebtedness, etc., and in behalf of defendants he charged the plaintiffs with one-third of the value of the stock left on the land when

Sylvester D. Martin went away in 1913, and also charged the plaintiffs with one-third of the rental value of the land. The referee's report included all the evidence taken by him.

On May 23, 1923, plaintiffs filed exceptions to the report which the court overruled, and on September 15, 1923, to which the May term had been adjourned, leave was granted plaintiffs to file a bill of exceptions on or before November 15, 1923, and the bill was filed within the specified time. Pursuant to the report of the referee the land was ordered sold on October 25, 1923. The sheriff made his report of the sale and on October 26th the sale was approved and the money arising therefrom was ordered to be distributed in accordance with the finding of the referee, and on said date plaintiffs filed their motion for a new trial, which was overruled. Plaintiffs appeal.

Defendants contend that as there was no term bill of exceptions filed at the May (1923), term, there is nothing for this court to consider excepting what occurred at the October term, to-wit the report of the sheriff of the sale of the land and the order of distribution. If this position be upheld it would follow this appeal would end at this point. However, the record discloses that appellants' exceptions were taken at the May term, 1923, and were incorporated in the bill of exceptions filed December 31, 1923, pursuant to an order of court at an adjourned session of the May term, September 15, 1923, extending the time for filing said bill. The exceptions thus were duly preserved. [Sec. 1460, R. S. 1919; Diener v. Pub. Co., 232 Mo. 416, l. c. 425.]

In construing section 1469, Revised Statutes 1919 (then section 806, Revised Statutes 1899), the Supreme Court held ''a defendant is not compelled to appeal from an interlocutory judgment in partition; and if he does not appeal until after final judgment the matters leading up to the interlocutory appeal, if properly preserved, remain interlocutory and will be reviewed on the one ap-

peal. But if he does appeal from the interlocutory judg-
ment and that is affirmed, that judgment becomes fixed
and final, and cannot be further reviewed, either by the
trial court or by the appellate court on a subsequent ap-
peal from the final judgment." [Padgett v. Smith, 206
Mo. 303 (Syl.), 103 S. W. 943; Fogle v. Pindell, 248 Mo.
65, 154 S. W. 81.]

There is no dispute that the judgment entered in
May, 1923, on the report of the referee was an interlocu-
tory judgment. The matters complained of are found on
the face of the record proper. The findings of a referee are
a part of the record proper and have the effect of a
special verdict. [Howard v. Baker, 119 Mo. 397, 24 S. W.
200; Roberts v. Hendrickson, 75 Mo. App. 484; Citizens
Coal Mining Co. v. McDermott, 109 Mo. App. 306, 84 S.
W. 459.] We hold against defendants on this point.

The first assignment of error now presented is that
the court erred in sustaining the finding of the referee
charging the rents and profits of the land against the
plaintiffs. In support of this contention it is argued that
an equity arises in favor of one tenant in common against
the co-tenant for rent only where the latter has collected
rent from a stranger, or has ousted or excluded the co-
tenant from joint occupancy or use of the land. This
position has been held to be untenable by the Supreme
Court in Byrne v. Byrne, 233 S. W. 461, wherein it was
held that in chancery suits in partition a co-tenant out
of possession who has received no benefit from the com-
mon estate is entitled to off-set, or credit the rental value
of his interest as against allowance to the occupying co-
tenant for improvements and taxes; and the Statute of
Limitations bars neither the claim for improvements nor
the claim for rent, although the five-year Statute of Lim-
itations is inapplicable to the claim for rents only where
such claim is used as an off-set to the claim for improve-
ments and taxes; i. e. that rents barred by the statute
can be used only as a shield and not as a sword. See also
cases cited in the Byrne opinion.

In Gearhart v. Gearhart, 213 S. W. 61, the Supreme Court held, in effect that a co-tenant in 'sole possession and enjoyment of the common property is deemed to have undertaken the discharge of duties to his co-tenants such as that of preserving the property by making ordinary repairs, paying taxes and the interest under any subsisting mortgage. The rule was declared in Hancock v. York, 210 S. W. 63, l. c. 65 (Mo.) wherein it is said:

"The constructive possession of one during thirty years is equally the constructive possession of all, and the payment of taxes by one created an obligation upon each of the others to repay to the extent of his share. He is also entitled to compensation for money necessarily expended in the care and preservation of the common property, and must account for anything received from its use."

This being a suit in equity the application of the rule enunciated in the cases above cited establishes the justice of defendants' position that they are entitled to share in the rents and profits of the land while in the possession of plaintiffs and operated by them.

Plaintiffs take the view that the answer of defendant Cora Martin fails to state grounds of equitable charge against the plaintiffs, because, first, as to the rents and profits, the answer fails to allege that plaintiffs collected rents from others, or that they excluded their co-tenant Sylvester D. Martin; the point being that unless Sylvester D. Martin was excluded by plaintiffs he has no right to claim a share in the rental value of the land. This position cannot be held to be sound. As to the charge that the answer fails to allege that plaintiffs collected rents from others, it is refuted by the following language of the answer:

"For further answer defendant says that the real estate described in the petition is a very rich and productive farm and that the income and rental value of the same is very much in excess, according to her information and belief, of all taxes and necessary improvements

and that the plaintiff John R. Martin, defendant is in-formed and believes, collected all the rents, sold all the grain and products off of said farm and reaped all the benefits of said farm and paid no part thereof to the said Sylvester D. Martin or anyone authorized by him to receive the same.''

Under the evidence and the law as declared by the Supreme Court in the cases cited, we hold there was no error in the action of the referee in finding that defendants were equitably entitled to share in the reasonable rental value of the land. Based upon the finding of the referee, the court made the following order of distribution:

''The balance of said proceeds of sale, to-wit: $—— the court orders distributed among the parties hereto in accordance with the decree of title as heretofore entered, as follows, to-wit:

''To the Boonville National Bank .... $3724.59
''To John R. Martin ................ 1717.33
''To W. C. Martin .................. 1717.33
''To Cora Martin, widow of Sylvester D. Martin, (now Cora Martin Stemper) gross sum in lieu of dower, at her election ................ 262.15
''To a curator to be appointed for the infant defendant (Dorothy Martin), ........................... 834.97

$8256.37

''The sheriff is hereby ordered to distribute and pay out of the proceeds of said sale to the persons thereto entitled as hereinabove adjudged, requiring the Boonville National Bank to cancel its deed of trust upon said lands before payment to said bank of the sum due thereon as above stated.''

This appeal is based upon two charges of error, to-wit, that the court erred in charging the plaintiffs with rents and profits from the land and in charging the plaintiffs with the value of personal property alleged to have

been owned by Sylvester D. Martin and left by him on the farm when he went to New Mexico in May, 1913. It is argued that no rights or equities except such as grow out of the relation of the parties to the common property sought to be partitioned can be adjusted in an action for partition of real estate.

As heretofore stated, this is a suit in equity, and the personal property left on the farm by Sylvester D. Martin was properly included in the answer of Cora Martin, and it was therefore properly before the referee for consideration in the general accounting. We hold said defendant could not have been compelled equitably to institute an action at law to recover the value of her share of the rents and profits of the land and the value of the personal property. In Reed v. Colp et al., 213 Mo. 577, l. c. 589, 112 S. W. 255, in a similar situation, the Supreme Court held as follows:

"In effect, the pleadings bring the matter of reimbursing the Colps for the use of the sawmill before the chancellor. The decree shows that in open court plaintiffs offered such reimbursement as the price of their decree. The chancellor held on that issue that the use of the mill was of the reasonable value of $150, but, by inadvertence, the decree, though it adjudged that the Colps take the sawmill, omitted to adjudge to the payment of said sum of money. We perceive no good reason why defendants should be dismissed from a court of equity without a decree giving them what the record proper shows is their equitable due. Why put them to another suit to enforce a right determined by this when equity has jurisdiction to end the matter?"

The law does not look with favor upon a multiplicity of suits when all questions involved may be determined in one. Parties are agreed that the present is a suit in equity, and it follows that all questions involved and in controversy should be determined by the chancellor, as has been done herein.

We have carefully read the record presented and find no reversible error. The judgment is affirmed. All concur.