HOMER L. THORP, Appellant, v. WALTER DANIEL ET AL.—99 S. W. (2d) 42.

Division One, November 12, 1936.

*Lane B. Henderson* and *Harry J. Libby* for appellant.

*H. A. Wright* for Grover C. Bunn; *W. L. Hamrick*, Guardian *ad litem* for Bernie C. Bunn.

HYDE, C.—This is an action to determine title to 156 acres of land in Shelby County, and with a count for partition thereof in accordance with plaintiff's claim of title. Plaintiff claimed an undivided one-fifth in fee under sheriff's execution deed, conveying to him the interest of Grover C. Bunn. Defendants claimed that the sheriff's deed was invalid and that plaintiff had no interest in the land. On plaintiff's first count the court found that the sheriff's deed was valid, but that the title obtained by plaintiff thereunder was a life estate only, and, therefore, dismissed plaintiff's second count for partition. From the judgment entered in accordance with those findings, plaintiff has appealed.

No oral evidence was offered at the trial. It was admitted ''that Elizabeth Bunn, prior to and on July 6, 1903, was the owner in fee of the real estate in contoversy and is the common source of title to all the parties;  .  .  .  that Elizabeth Bunn died intestate March 14, 1904;'' that five children survived her, namely: ''Mary A. Bunn, who later married Logan Daniel; Emma Bunn, who later married Frank Daniel; Joseph Bunn; Grover C. Bunn; Magdalena Bunn, also known as. Maggie D. Bunn, who later married Oliver Brewer; and that said Elizabeth Bunn left no other children or the descendants of children surviving her.'' It was also admitted that Mary A. Daniel died in 1920 survived by two children; that Magdalena Brewer had three known children but it was not known whether she was living or dead; that Emma Daniel was still living and had three children; that Joseph Bunn was still living and had six children; and that Grover C. Bunn was still living and had one

child. All of these grandchildren of Elizabeth Bunn were made parties regardless of whether their parents were living or dead.

On July 6, 1903, Elizabeth Bunn as party of the first part made a deed to George C. Bunn as party of the second part (intended to be Grover C. Bunn) "in consideration of natural love and affection," in the form of a statutory warranty deed, which described the land in question, but which contained the following conditions: "Reserving however to the party of the first part a life interest in the above described land. It being the intention that this deed shall not take effect till the death of the party of the first part. The party of the first part further stipulates that in case the party of the second part shall die without children that the land herein described shall pass by this deed to the grandchildren equally of the party of the first part." The deed also stated that the grantor "does by these presents Grant, Bargain and Sell, Convey and Confirm unto the said party of the second part and the children of his body."

This deed was filed for record, August 15, 1903. Grover C. Bunn, in May, 1927, commenced a suit to partition this land. An "interlocutory decree under date of July 9, 1927," was entered, which ordered sale, and a sale was made in March, 1928. This sale was not confirmed but was afterwards set aside. Again on December 3, 1928, "an interlocutory decree to partition the real estate" was entered. Later, in October, 1929, another sale was made but it was also set aside, and, in October, 1932, the partition suit was dismissed "for lack of prosecution, at the cost of the plaintiff." In March, 1933, it was "ordered by the court that an execution for costs issue." Pursuant to this order an execution was issued "directed to the Sheriff of Shelby County, Missouri, which recited a judgment in favor of Harry Daniel et al. and against Grover C. Bunn, rendered by the Circuit Court of Shelby County, Missouri, on the 14th day of October, 1932, in the sum of One Hundred Thirty-five and 35-100 ($135.35) Dollars, Cause No. 10390, Grover C. Bunn, Plaintiff, and Harry Daniel et al., Defendants, which said execution commanded the Sheriff to make the judgment and costs out of the goods, chattels, and real estate, of the said Grover C. Bunn." The sheriff's return showing levy and sale, and his recorded notice of levy upon real estate were also in evidence. Plaintiff also offered "the consolidated back tax book for Shelby County, Missouri, Page 39, showing back taxes on the land in controversy herein for the years of 1927, 1928, 1929, 1930, 1931 and 1932 in the sum of Nine Hundred Sixty-eight and 27-100 ($968.27) Dollars." It was also admitted by the parties "that at the time of the sale of the land in controversy herein under execution, that Grover C. Bunn was not living upon the described land as a homestead but was then living and making his home in Springdale, Washington." Plaintiff also put in

evidence the sheriff's execution deed to him, which was in regular form; stated "judgment was rendered" against Grover C. Bunn October 14, 1932, "for $135.35 for costs and charges" in the Daniel case; showed execution issued and proper notice at sale; recited compliance with statutory requirements; and was duly acknowledged in open court. Defendant offered only the pleadings and court records in the former partition suit brought by Grover C. Bunn.

The court's decree herein found as to the deed of Elizabeth Bunn "that said deed is a valid and subsisting deed, and that the same passed a valid and irrevocable title by the terms thereof to Grover C. Bunn for and during his natural life, and at his death to the children of his body, and if he dies without issue then said deed passed title to the grandchildren of Elizabeth Bunn share and share alike, and that said deed is not testamentary in character." It is plaintiff's contention that this finding is wrong; that this deed was testamentary in character; and that this deed was void for that reason. We think this contention must be sustained. "One of the important distinctions between a deed and an instrument testamentary in character is that in a deed a present estate or interest is passed, while in an instrument testamentary in character no part of the title treated is to pass until the death of the grantor. Whenever the instrument discloses the grantor's intention to be that no estate or interest is to pass until the death of the grantor, then it is considered to be testamentary in character, and comes within the rule governing the passing of title by will; and if not executed in form and manner required of a will it is of no force or effect for any purpose." [Sims v. Brown, 252 Mo. 58, l. c. 66, 67, 158 S. W. 624; see, also, Murphy v. Gabbert, 166 Mo. 598, 66 S. W. 536; Griffin v. McIntosh, 176 Mo. 392, 75 S. W. 677; Aldridge v. Aldridge, 202 Mo. 565, 101 S. W. 42; Givens v. Ott, 222 Mo. 395, 121 S. W. 23; Terry v. Glover, 235 Mo. 544, 139 S. W. 337; Goodale v. Evans, 263 Mo. 219, 172 S. W. 370; Hohenstreet v. Segelhorst, 285 Mo. 507, 227 S. W. 80; Kanan v. Hogan, 307 Mo. 269, 270 S. W. 646; 11 A. L. R. 23, note; Nalley v. First Natl. Bank, 76 A. L. R. 625, note; 8 R. C. L. 933, sec. 11; 18 C. J. 149, sec. 6; 68 C. J. 613, sec. 235; see, also, Lanphere v. Affeld, 99 S. W. (2d) 36, decided concurrently herewith.]

We think that this instrument clearly "discloses the grantor's intention to be that no estate or interest is to pass until the death of the grantor." It positively states that it is the grantor's "intention that this deed shall not take effect till the death of the (grantor) party of the first part." Could any words have been used that would have stated such an intention more clearly or more emphatically? It is true that a provision for a life estate to the grantor, in an instrument purporting to convey a fee title, is strong evidence to show an intention that it should take immediate effect as a present conveyance of a future estate, because if it did not the reserva-

tion of a life estate would be useless. Here, the provision, "reserving however to the party of the first part, *a life interest* in the above described land," standing alone, would have created a life estate in the grantor, and, if there had been nothing more, this deed would not have been considered testamentary, but would have been construed as conveying a present interest to the grantee. However, the provision in this deed is not as clear and definite as it might be, and it was immediately followed by the positive statement "that this deed *shall not take effect till the death of the party of the first part.*" It would seem that, by this, it was made clear that what the grantor meant by reserving "*a life interest*" was that she intended to keep the whole title until her death. An intent that no title should pass to anyone until her death seems further shown by the last sentence quoted above, namely: "That in case the party of the second part shall die without children that the land herein described *shall pass by this deed to the grandchildren* equally of the party of the first part." Does this not show the intent that, when the deed did take effect (when grantor died), if the grantee had previously died without surviving children, the title should then pass directly from her to these grandchildren "*by this deed*" without any estate or interest ever having vested in the original grantee?

This deed is very different from the deed before this court in Dawson v. Taylor (Mo.), 214 S. W. 852. That deed specifically reserved to the grantors "*a life estate.*" It stated that they reserved "the possession thereof, and the rents, use, enjoyment and emoluments of the same during their natural lives." It then further stated that it was "the intention of the grantors herein that this deed shall not take effect *in its full entirety* until after the death of both of said grantors." This court there said: "The words of the reservation clause . . . construed all together, simply mean that, because the grantors reserve a life estate, the deed shall not take effect *in its full entirety*—that is, give a right of possession which has been reserved to the grantors—until the death of both of said grantors." The deed in this case says nothing about possession and contains no provision for going into effect partially or at all before the grantor's death. It states that it is the grantor's intention that it "*shall not take effect* till the death" of the grantor. We do not think we should undertake to say that the grantor's intention was that any estate or interest should pass before her death, when she positively said otherwise. We, therefore, hold that this deed was testamentary in character and that it was ineffective to convey any title to anyone.

██ It is further contended that the matter of the testamentary character of the deed was *res judicata* because there was a finding in a decree in the partition suit that this deed "conveyed a life estate in the above land to Grover C. Bunn with the remainder in fee simple in the children of his body;" and that no appeal was taken from that

decree. The record before us shows that there were two decrees in the partition suit but it further shows that they were both interlocutory decrees. Evidently there never was a final judgment in this partition suit because it was finally dismissed for want of prosecution. If it had ever proceeded to final judgment, that would have ended the case and it could not have been so dismissed. This court has definitely ruled this question, holding that an interlocutory decree in partition from which no appeal was taken, as authorized by Section 1018, Revised Statutes 1929, is not a sufficient basis for a plea of *res judicata*. [Davidson v. Davidson Real Estate & Inv. Co., 249 Mo. 474, 155 S. W. 1.] It has also held that if an appeal is taken from such an interlocutory decree, and it is affirmed, then the issues settled on such appeal do become *res judicata*. [Padgett v. Smith, 206 Mo. 303, 103 S. W. 943; Fogle v. Pindell, 248 Mo. 65, 154 S. W. 81; Martin v. Martin, 218 Mo. App. 617, 266 S. W. 336.] Former cases are so thoroughly reviewed and the reasons for such holdings are so clearly stated in these opinions that it is unnecessary to go over them again herein. We hold that this matter was not *res judicata* on the showing made in this record.

■ It was set up in defense that Grover C. Bunn had obtained title to a life estate in the land by adverse possession. If he had obtained any title by this means or any other means the sheriff's deed, if valid, conveyed whatever title he had to plaintiff. His possession, therefore, could not be a defense to plaintiff's claim of title either for him or for any other party hereto. ■ Defendants also seek to attack here the validity of the sheriff's deed to plaintiff on the grounds stated in the answer that it "was without any valid sale to support said deed and . . . was not made as a result of a valid levy by the sheriff . . . on an execution issued on any judgment rendered . . . in any case, or any judgment adjudging costs or for any other sum against any party to any suit . . . against any party to such suit, who held or claimed to hold a valid interest in the land purported to be sold by said sheriff."

Defendants offered no evidence on this issue but say that plaintiff's showing was insufficient to show that this deed was valid. There are at least two reasons why these contentions cannot be sustained. First: The court found "that issues raised by the defendants' answer as regards the deed (from the sheriff) . . . for the plaintiff and against the defendants," and defendants did not appeal from this judgment. Second: The recitals of the sheriff's deed are sufficient prima facie evidence "of the facts therein stated." [Sec. 1211, R. S. 1929.] Therefore, the recitals in the deed are conclusive as to the regularity of all essential proceedings in the absence of any showing to the contrary. [Hendrix v. Goldman (Mo.), 92 S. W. (2d) 733; Williams v. Maxwell (Mo.), 82 S. W. (2d) 270.]

The judgment is reversed and the cause remanded with directions to proceed to determine the interests of the parties, in the land involved, in accordance with the views herein expressed, and to partition the same among them in accordance with their respective interests therein. *Ferguson* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.