FERN GOINS v. HENRY MELTON ET AL., Defendants, ALICE G. MELTON, Appellant.—121 S. W. (2d) 821.

Division One, November 19, 1938*

*NOTE: Opinion filed at May Term, 1938, May 26, 1938; motion for rehearing filed; motion overruled; September 17, 1938; motion to transfer to Court en Banc filed; motion overruled at September Term, 1938, November 19, 1938.

414

*J. Raymond Eggleston, Thomas J. Layson* and *Geo. H. Hubbell* for appellant.

*Hubert Fuller* and *C. C. Ross* for respondent.

BRADLEY, C.—This cause was commenced to partition 225 acres of land in Mercer County, but because of the answer of Alice G. Melton, who claimed to be the sole owner, a question of title became

involved. The trial court found against the sole ownership claim, ordered partition, and defendant, Alice G. Melton, appealed.

██ Robert N. Melton, who died August 12, 1935, was the common source of title. He never married, had no children, and died intestate. Plaintiff and defendants are collateral kin, and Alice G. Melton is a niece of Robert N. She claimed sole ownership under two warranty deeds executed by Robert N. Melton. The first of these was executed September 19, 1933, and the second was executed October 17, 1933. The second deed was executed to correct error in description, so as to exclude certain lands, and include others, and, except for description, the deeds are the same in form. The form is that of a general warranty deed, except a clause presently to be stated. The consideration is "care and attention during life (of grantor) and one dollar to him paid" by the grantee, Alice G. Melton. Immediately following the description is this clause.

"It is the express understanding between the parties hereto that the grantor herein shall retain possession and control of all profits therefrom for and during his natural life time, also retaining to himself the right *to sell and deed said land, or any part thereof during his life time, at his death the title to all, or whatever part thereof remains unsold, to pass to and vest in the grantee* together with all his personal property and belongings. (Italics ours.)

It is contended on the one hand that the deeds are testamentary in character, and, therefore, void, and the trial court so found. On the other hand appellant contends that by the deeds she, at the time of their execution and delivery, became vested with the fee, but that the possession and enjoyment were postponed during the life of the grantor. Section 3112, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3112, p. 1939), enacted in 1845 (R. S. 1845, sec. 9, p. 220), among other things, provides: "And hereafter an estate of freehold or of inheritance may be made to commence in future by deed, in like manner as by will." But under this statute "it is essential to the validity of a deed purporting to convey such an estate that the right to the future estate conveyed vest in the grantee immediately though possession be deferred." [Aldridge v. Aldridge, 202 Mo. 565, l. c. 572, 101 S. W. 42.] "One of the important distinctions between a deed and an instrument testamentary in character is that in a deed a present estate or interest is passed, while in an instrument testamentary in character no part of the title treated is to pass until the death of the grantor. Whenever the instrument discloses the grantor's intention to be that no estate or interest is to pass until the death of the grantor, then it is considered to be testamentary in character, and comes within the rule governing the passing of title by will; and if not executed in form and manner required of a will it is of no force or effect for any purpose." [Sims v. Brown, 252 Mo. 58, l. c.

66, 158 S. W. 624; Thorp v. Daniel, 339 Mo. 763, 99 S. W. (2d) 42, l. c. 44.]

"The intention of the grantor, as gathered from the four corners of the instrument, is now the pole star of construction. That intention may be expressed anywhere in the instrument, and in any words, the simpler and plainer the better, that will impart it, and the court will enforce it no matter in what part of the instrument it is found." [Utter v. Sidman, 170 Mo. 284, l. c. 294, 70 S. W. 702.]

Another requirement of a deed made to convey an estate of freehold or of inheritance to commence in the future, as provided for under Section 3112, Revised Statutes 1929, the deed must vest in the grantee a present interest *and* an irrevocable interest. [Owen v. Trail, 302 Mo. 292, 258 S. W. 699, l. c. 702; Hohenstreet v. Segelhorst, 258 Mo. 507, 227 S. W. 80.] In the Owen case, the court said: "If the terms of the deed show that the intention of the grantor is to pass a present irrevocable interest in the property, and that a limiting condition operated only upon the present enjoyment of the premises, then it would be a valid deed."

Manifestly, the power to sell, reserved by the grantor in the present deeds, was equivalent to a power to revoke. [Sims v. Brown, 252 Mo. 58, 158 S. W. 624.] It is true that the grantor did not exercise the power to revoke, but the fact that such power was reserved lends support to the contention that the deeds are testamentary in character. The entire clause here in question, as well as all other provisions of the deeds, must be read together. Except for the reservation in the grantor of the power to sell, the deeds, under the authority of Wimpey et al. v. Ledford et al. (Mo.), 177 S. W. 302, might be construed as not testamentary in character.

The Wimpey case was to determine title. Samuel Ledford was the common source of title. He died intestate in March, 1909, leaving his widow and ten children. The widow died before the suit to determine title was commenced. The plaintiffs in the case were eight of the children of Samuel Ledford. The defendants claimed under a deed executed in 1904 by Samuel Ledford and wife. The deed was an ordinary warranty deed, and the consideration recited was one dollar. Immediately following the description was this limitation:

"This deed is made with the understanding that the aforesaid Samuel Ledford and Nancy Ledford shall have all controlling power of the above-described premises during their lifetime, and at their death then the title is to pass to parties of the second part."

The court ruled in the Wimpey case (177 S. W. l. c. 304) that the word *title* as used in the limitation imposed meant "the right to possession," and in this connection said: "Any other construction would render the word meaningless, because, the ownership having become vested in the grantees upon the execution and delivery of

the instrument to them, the only purpose of the words of limitation was to fix the time when their right to the possession of the property would begin. Thus construed, the words of limitation are in harmony with the remainder of the instrument, and indicate the intention of the grantors to create a present interest or estate in the grantees, but to defer the enjoyment of same by the latter until the death of the grantors.'' It was further said in the Wimpey case that th. construction given agreed in principle with the rulings in Sims Brown, supra, and O'Day v. Meadows, 194 Mo. 1. c. 615, 92 S. W. 637, 112 Am. St. Rep. 542; Dozier v. Toalson, 180 Mo. 546, 79 S. W. 420, 103 Am. St. Rep. 586; Christ v. Kuehne, 172 Mo. 118, 72 S. W. 537.

It is stated in 2 Devlin on Deeds (3 Ed.), section 855a that there are few questions less clearly defined in the books ''than an intelligible, uniform test by which to determine'' when an instrument conveys a present interest in real estate and when it is testamentary in character. We confess our inability to lay down the desired uniform test. In the present case we are of the opinion that the deeds in question are testamentary in character, and that the judgment should be affirmed. It is so ordered. *Ferguson, C.,* concurs; *Hyde, C.,* not sitting.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.

## ON MOTION TO TRANSFER TO BANC.

BRADLEY, C.—Motion for rehearing was overruled September 17, 1938, and thereafter and in due time appellant filed motion to transfer to banc. It is alleged in the motion that the opinion is in conflict with Section 3112, Revised Statutes 1929, and in conflict with the holding in Sims v. Brown (Div. 2), 252 Mo. 58, 158 S. W. 624. Able counsel for appellant say in their suggestions in support of the motion that ''from beginning to end of this appeal'' Sims v. Brown has been relied upon. It is true that in Sims v. Brown the deed was held not to be testamentary, although the grantor reserved the power to sell. However, the basis of the decision in that case was (252 Mo. 1. c. 68, 158 S. W. 624) that ''the instrument when considered from its four corners shows a clear intent to create a voluntary express trust or settlement in favor of Catherine Brown and her bodily heirs, except the eighty acres conveyed in trust to the other daughter, with a power of revocation reserved to the settler.'' It is an elementary rule of law of trusts, as held in the Sims case, that the maker of a voluntary trust may reserve the power to revoke, and ''such reservation of power is not inconsistent with the creation of a voluntary trust.'' And it is stated in the Sims case (252 Mo. 1. c.

68, 158 S. W. 624) that "courts of equity have always looked with suspicion upon voluntary trusts or settlements which do not reserve a power of revocation."

In the present case no trustee, with power to sell, was designated in the deeds, as in the Sims case, and the deeds here show no intent to create a trust estate. The trust feature of the Sims case, we think, clearly distinguishes it from the present case.

As to the opinion being in conflict with Section 3112, Revised Statutes 1929, the principal opinion and this opinion are answers sufficient.

November 1, 1938, suggestion of the death (September 4, 1938) of appellant was filed, and it is stated in the suggestion that petition would be filed asking revival of appellants' cause in the name of defendants, Marvin and Arthur Melton. Petition to revive was not filed. However, there is no occasion for revival, because, according to the suggestion of death, appellant died *after* the cause was submitted here. [Vitale v. Duerbeck, 338 Mo. 556, 92 S. W. (2d) 691, l. c. 697.]

The motion to transfer to banc should be overruled, and it is so ordered. *Ferguson, C.,* concurs; *Hyde, C.,* not sitting.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.