Jessie LUCAS, Administratrix of the Estate
of Homer G. Burbank, Appellant,

v.

Grace SMITH et al., Respondents.

No. 50580.

Supreme Court of Missouri,

Division No. 2.

Nov. 9, 1964.

**514**

Edwards, Hess & Collins, Macon, for plaintiff-appellant.

Walter E. Allen, Brookfield, for defendant-respondent.

STOCKARD, Commissioner.

This is an appeal by plaintiff, administratrix of the estate of Homer G. Burbank, from an adverse judgment in her suit to quiet title to a certain tract of land in Linn County, Missouri.

Homer G. Burbank and Anna C. Burbank took title to the land on February 8, 1917 as tenants by the entirety. Anna Burbank died on September 15, 1943, while still married to Homer Burbank. On June 1, 1951, Homer Burbank and Grace Smith executed the following instrument, which was recorded on June 7, 1951.

"Partnership Agreement

"This contract and memoranda of agreement made and entered into on this first day of June, 1951, by and between H. G. Burbank of Linn County, Missouri, on the one side, and Grace Smith of Linn County, Missouri, on the other, Witnesseth

"Whereas first party is the owner of twenty-six and one-half (26½) acres of land, lying, being, and situate in Linn County, Missouri, as follows, to-wit:

"All of the Southeast Quarter of the Southwest Quarter of Section Four (4) in Township Fifty-seven (57), of Range Nineteen (19), except a strip one (1) rod wide off of the East side thereof; and except Two (2) acres beginning One (1) rod West of the Northeast corner of said Forty (40) acre tract; thence West Seventy (70) yards; thence South One Hundred Forty (140) Yards; thence East Seventy (70) yards; thence North One Hundred Forty (140) Yards to the place of beginning; also except eleven (11) acres off of the West side thereof, containing 26½ acres more or less:

and whereas the parties hereto are desirous of entering into a partnership agreement whereby second party shall move to the home of first party and shall become his housekeeper, it is agreed between the parties hereto that they will budget the funds received from the United States Government, from the State of Missouri, or any other agency on account of Welfare payments or old age assistance payments or otherwise, which may be received from any state, city, or governmental agency, and said funds shall be used to pay for provisions and to keep up the home and also for insurance and taxes.

"It being understood that second party shall devote her entire time to the taking care of the home situated on the above described property and shall care for same in a good and husbandmanlike manner. First party shall be entitled as his own personal funds any sums received for work or labor or otherwise outside of the home.

"It is agreed and understood that the children of second party, to-wit: Lester Clayton Smith and Raymond Leonard Smith, shall be taken care of at all times in the home above mentioned and shall be supported in comfort by the parties hereto, and all sums received from their work and labor at any time shall be put into the funds of first and second parties for the support of the home and to assist in caring for said infants.

"It is agreed and understood that if said first party should die during the

existence of this co-partnership, that the above described real estate shall go and be vested in the second party hereto absolutely.

"To all of the above and foregoing we each bind ourselves, our heirs, executors, administrators, and assigns.

"In testimony whereof witness our hands and seals this first day of June, 1951.

"s/ H. G. Burbank
"s/ Grace Smith."

Homer Burbank died on April 3, 1960, and his daughter, Jessie Lucas, was appointed administratrix of his estate. She listed the tract of land in the inventory, and then requested and obtained an order of the probate court authorizing her to sell the land. She later requested and obtained permission of the probate court to file the present suit to quiet title. In her petition she alleged that at the time of his death Homer Burbank was the owner of the land and that now "she is the owner in fee simple" (but see Section 473.260 RSMo 1959, V.A.M.S., as to the devolution of title to real estate upon the death of the owner), and that the defendants claim an interest therein, the nature and character of which is unknown. She prayed that the court determine and quiet the title and interest of the parties and adjudge and decree that she is "the fee simple owner." The respondents filed what was in effect a general denial, and also alleged that "Grace Smith received title to this real estate by virtue of an instrument in writing duly acknowledged and recorded and executed by one, Homer G. Burbank, who at the date of execution of such instrument was the owner of said property." It was then alleged that the other respondents received title to the land by reason of deeds from Grace Smith.

It was with the pleadings as above set forth that the case went to trial. Plaintiff-appellant presented evidence to establish that she was the administratrix of the estate of Homer Burbank, and that she had obtained authority to bring this action to quiet title to the real estate. It was stipulated that Homer Burbank and his wife received title to the land as tenants by the entirety in 1917, that his wife died in 1943, and that the land was free from any deed of trust. Appellant then rested. Respondents offered in evidence the partnership agreement, previously set out, and two deeds from Grace Smith purporting to convey the property to her two sons and their wives. Respondents then offered evidence which, if believed, would authorize a finding that at the death of Homer Burbank the partnership agreement was in effect and that Grace Smith had complied with its terms. In rebuttal, appellant offered evidence that Grace Smith had not properly cared for Homer Burbank. The trial court entered its judgment in which it found "the issues for the defendants," and it further found that the two sons of Grace Smith and their respective wives were "vested with the fee simple title to the real estate described in the petition" and that "plaintiff has no right, claim or interest in the estate or title whatsoever."

■ Appellant contends that the trial court erred because the instrument designated as a partnership agreement was "made for and in consideration of future illicit cohabitation and is an agreement which has the direct effect of promoting sexual immorality." Such accusation is not supported by the language of the agreement, and there is no evidence from which such result may legitimately be inferred.

■ Appellant also contends that the trial court erred because the instrument (1) could not have created a tenancy by the entirety, (2) did not create a joint tenancy, and (3) is not a deed and therefore conveyed no interest in the land to Grace Smith. While technical words of grant need not be used, Monroe v. Lyons, 339 Mo. 515, 98 S.W.2d 544, it is essential to a deed that the instrument contain some operative words of grant signifying a present intent to transfer or pass an interest in the land. Ashbaugh v. Ashbaugh, 273 Mo. 353,

201 S.W. 72; Monroe v. Lyons, supra; 26 C.J.S. Deeds § 28. The instrument in this case provides that "if said first party [Homer Burbank] should die during the existence of this co-partnership, that the above described real estate shall go and be vested in the second party [Grace Smith] hereto absolutely." These are not operative words of grant. The instrument does not purport to pass a present estate or interest, see Thorp v. Daniel, 339 Mo. 763, 99 S.W.2d 42, and cannot qualify as a deed. Therefore, it cannot constitute a conveyance of any interest to Grace Smith. We note that on this appeal respondents do not make the contention that the instrument is a deed which at the time of execution conveyed a present or future interest to Grace Smith.

■■ Appellant also contends that the instrument does not constitute a will, and we agree because it is not executed according to the law governing the execution of wills. See Section 474.320 RSMo 1959, V.A.M.S. Appellant also asserts that the instrument is testamentary in nature, and because it does not qualify as a will it is void, apparently for all purposes. The cases cited rule that instruments testamentary in nature are void as deeds. Thorp v. Daniel, supra; Goins v. Melton, 343 Mo. 413, 121 S.W.2d 821; Wheeler v. Rines, Mo., 375 S.W.2d 48. However, when we consider the language of the instrument, which appellant contends is testamentary in nature, with the terms and provisions of the remainder of the instrument it is reasonably apparent that the parties intended, and the instrument constitutes, a contract or agreement whereby as a part of the consideration for Grace Smith performing the duties set out therein she was to receive title to the land if Homer Burbank died while the partnership agreement was still in effect. See Schweizer v. Patton, Mo., 116 S.W.2d 39.

In respondents' brief to this court it is contended that the judgment of the trial court was correct because "courts of equity will enforce a contract where a survivor to a contract is to receive title to property owned by the deceased party to the contract and such contracts are not construed as a testamentary disposition of property." Appellant admits that this argument was presented in respondents' brief to the trial court after the close of all the testimony, but appellant points out that respondents did not plead that the instrument was a contract which they were entitled to have specifically performed, and that no such equitable relief was requested. Instead, respondents alleged that Grace Smith "received title to this real estate by virtue of an instrument in writing duly acknowledged and recorded." We must agree that there was no pleading in which respondents asked for specific performance of the contract or any other equitable relief.

Civil Rule 93.01, V.A.M.R., provides that any person claiming any title, estate or interest in real property, whether legal or equitable, may institute an action to determine such interest and to quiet title, and "upon the trial of such cause, *if same be asked for in the pleadings of either party* [emphasis added], the court may hear and finally determine any and all rights, claims, interest, liens and demands, whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor." This rule must be read in conjunction with Civil Rule 93.04, V.A.M.R., which provides that the institution, prosecution, trial and determination of suits under Rule 93.01 "shall conform in all respects to the Rules of Procedure covering ordinary civil actions, * * *." In William H. Johnson Timber & Realty Co. v. Belt, 329 Mo. 515, 46 S.W.

2d 153, in construing what are now Sections 527.150 and 527.160 RSMo 1959, V.A. M.S. and which are in substance the same as Civil Rules 93.01 and 93.04, this court said: "The rules of procedure in suits to quiet title are the same as in other civil actions, and the relief afforded is to be measured by the pleadings in each particular case." It was then stated that courts of equity have the power to set aside judgments obtained by fraud, and "the same relief that is otherwise available can be obtained in a suit to ascertain and determine title" pursuant to the authority granted by what is now Section 527.150 "provided the pleadings as a whole adequately present such issue, * * *." In Stewart v. Omaha Loan & Trust Co., 283 Mo. 364, 222 S.W. 808, 810, it was held that "the relief afforded in a proceeding * * * [to quiet title to real property] is to be measured by the pleadings in each particular case," and the court added that the "ruling seemingly to the contrary in Noble v. Cates, 230 Mo. loc. cit. 202, 130 S.W. 304 'that defendants in an action based upon this statute may, under a general denial, show as a defense any title, legal or equitable, vested in themselves,' does not therefore correctly state the law." See also Clark Real Estate Co. v. Old Trails Inv. Co., 335 Mo. 1237, 76 S.W.2d 388, 391, and the cases there cited.

■ In this case all parties asked that the court determine title, but under this request the court had the authority to determine title as between the parties *within the issues raised by the pleadings*. See Walters v. Tucker, Mo., 281 S.W.2d 843. Respondents did not plead or offer to plead facts which if true would entitle Grace Smith to specific performance of a contract which called for the transfer of the title to the real estate to her. It is true that evidence of the contract and of performance on the part of Grace Smith were offered and received, but no such evidence came in except over the express objection of appellant that it was immaterial to any issue in the case. Several weeks after the trial respondents filed a "Motion to amend answer to conform to evidence," but it was expressly limited to the ground that "the evidence showed that there was an intention on the part of H. G. Burbank, deceased, and Grace Smith to hold title to the real property described in the evidence as joint tenants." The request was to amend the answer "by adding a prayer that the 'Partnership Agreement' * * * be preformed so as to properly effectuate the intent of the parties." This motion was denied. We can find no basis for concluding that issues not raised by the pleadings were tried by express or implied consent within the meaning of Civil Rule 55.54, V.A.M.R.

We are not unmindful of the provisions of Civil Rule 83.13, V.A.M.R., which require that on appeal, subject to the provisions of such rule, we are to examine the transcript and award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, or give such judgment as such court ought to have given, as to the appellate court shall seem agreeable to law, and that unless justice requires otherwise, we shall dispose finally of the case on appeal and no new trial shall be ordered as to issues in which no error appears. However, we cannot determine from the judgment entered by the trial court whether it reached the result it did on the basis that the instrument relied on by respondents vested title or an interest in Grace Smith at the time of its execution, or whether the judgment was entered on the basis that the instrument constituted a valid contract, and that Grace Smith was entitled to specific performance thereof. If the result was reached on the former basis we would, for the reasons previously set out, reverse the judgment. If it was on the latter basis then it necessarily was reached after a determination of facts based on the credibility of the witnesses to which we would give deference. However, if we should purport to give deference to the trial court's opportunity to judge the credibility of the witnesses, it may be that the trial court never reached that issue.

In a suit to quiet title the court should ordinarily adjudicate title affirmatively as between the parties. Billings v. Paine, Mo., 319 S.W.2d 653. When the record is proper for such adjudication it can be done by the appellate court. However, this is not the situation in this case. Therefore, we remand the case so the parties may, if so advised, amend their pleadings to present the theory disclosed by the evidence. Stouse v. Stouse, Mo., 270 S.W. 2d 822; Yarrington v. Lininger, Mo., 327 S.W.2d 104, East v. McMenamy, Mo., 266 S.W.2d 728.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.